WIGGINTON, Judge.
Appellant and his son were jointly charged in an information filed by the State Attorney of Leon County with the offense of robbery. Upon trial appellant was convicted and his codefendant acquitted. From the judgment of conviction and sentence imposed upon him, appellant has appealed.
The primary thrust of appellant’s charge of error levelled against the trial court revolves around the admission in evidence of what is characterized as a confession made by appellant’s codefendant to a deputy sheriff after his arrest, but before trial.
During the course of the trial, the State, in presenting its evidence in chief, offered the testimony of a deputy sheriff concerning a conversation he had with appellant’s codefendant after the latter had been arrested and placed in custody. This witness had in his possession what purported to be a written confession made by the codefend-ant and relating to the events which culminated in the commission of the crime with which both defendants were charged. The alleged confession tended to exonerate *438 the codefendant and to implicate appellant. Outside the presence of the jury the witness was examined and the alleged confession found to have been voluntarily given after the codefendant was fully advised of his constitutional rights against self-incrimination and to remain silent.
When the trial resumed the court fully instructed the jury with respect to the consideration it could lawfully give to the confession of a codefendant, and it was cautioned that such confession could not be considered in any manner in determining the guilt or innocence of appellant. When examination of the witness commenced, a colloquy took place between the court and counsel regarding the form of the confession. As a result of this, exchange, the written account of the alleged confession was never offered in evidence but the witness was permitted to give oral testimony as to the material facts contained in the document. At the conclusion of the trial the jury was again instructed with regard to the testimony concerning the confession made by appellant’s codefendant, and that such testimony could not be considered in passing upon the guilt or innocence of appellant.
Appellant recognizes that the rule generally followed in this state is that a confession may be admitted into evidence as against the confessor, but if two or more defendants are being jointly tried for the same offense, appropriate instructions must be given to the jury to the effect that the confessions may not be construed as evidence against any of the codefendants not a party to the confession.[1]
To the same effect is the rule generally recognized in the federal courts of this country. In Paoli v. United States of America,[2] five codefendants were tried jointly on a charge of conspiracy to deal unlawfully in alcohol. The principal issue before the court was whether the trial court committed reversible error, as against the petitioner, by admitting in evidence the confession of a codefendant made after the termination of the alleged conspiracy. The trial court declined to delete references to petitioner from the confession but instructed the jury that the confession was to be considered only in determining the guilt of the confessor and not that of other defendants. In approving this procedure, the court said:
“ ‘Relevant declarations or admissions-of a conspirator made in the absence of the co-conspirator, and not in furtherance of the conspiracy, may be admissible in a trial for conspiracy as against the declarant to prove the declarant’s participation therein. The court must be careful at the time of the admission and by its instructions to make it clear that the evidence is limited as against the de-clarant only. * * *
Although appellant recognizes that the foregoing principles of law are well recognized in this jurisdiction, he nevertheless contends that they produce an unfair result in that it is unrealistic and fallacious to assume that a jury is either capable of or willing to consider a confession or statement of a codefendant in determining only that defendant’s guilt or innocence, and will not let such confession or statements influence its decision in passing upon the guilt or innocence of the defendant who did not participate in the confession or statement. For these reasons appellant contends that a rule of law should be promulgated to the effect that when situations arise such as arose in this case, the trial court should be required to do one of three things: (a) delete from the confession of a codefendant all references to the other defendants against whom the confession is not admissible; or (b) order a sev *439 ■erance of the proceedings when it becomes .apparent that the defenses of the codefend-ants are antagonistic to each other; or (c) refuse to permit the confession in evidence for any purpose.
To follow appellant’s suggestion would be tantamount to enacting legislation by judicial decree. Such a principle of law is not only contrary to the settled law of this ■state, but likewise contrary to the preach--ments of the Supreme Court in Paoli v. United States, supra, when in commenting upon this theory, it said:
“f * * * These declarations [i. e., those admissible only as to the declarant] must be carefully and clearly limited by .the court at the time of their admission .and the jury instructed as to such declarations and the limitations put upon them. Even then, in most instances of a conspiracy trial of several persons together, the admission of certain declarations and burden upon the jurors to keep in mind ■the admission of certain declarations and to whom they have been restricted and in some instances for what specific pur■pose. While these difficulties have been ■pointed out in several cases, e. g., Krulewitch v. United States, supra, 336 U.S. at page 453, 69 S.Ct. [at page] 723 (concurring opinion); Blumenthal v. United States, 332 U.S. 539, 559-560, 68 S.Ct. 248, 257, 92 L.Ed. 154; Nash v. United States, 2 Cir., 54 F.2d 1006, 1007, the rule 'has nonetheless been applied. * * *
‡ ‡ ‡ ‡ ‡
“ ‘It is a basic premise of our jury sys-tem that the court states the law to the jury and that the jury applies that law 'to the facts as the jury finds them. Unless we proceed on the basis that the jury will follow the court’s instructions where those instructions are clear and the circumstances are such that the jury can reasonably be expected to follow •them, the jury system makes little sense. ,Based on faith that the jury will endeavor to follow the court’s instructions, our system of jury trial has produced one of the most valuable and practical mechanisms in human experience for dispensing substantial justice.’ ”
If the law of this state is to be changed to embrace the principles urged by appellant, such change should be brought about by statutes duly enacted by the legislature as has been done in some states,[3] or by a rule of criminal procedure duly adopted by the Supreme Court.
We have carefully considered the remaining points by which appellant seeks reversal of the judgment appealed, but find them to be without substantial merit. The judgment appealed is accordingly affirmed.
RAWLS, C. J., and CARROLL, DONALD K., J., concur.

. Stoutamire v. State, 133 Fla. 759, 183 So. 316; Gagne v. State, (Fla.App.i962) 138 So.2d 90; Clark v. State, (Fla.App.1962) 145 So.2d 748.

. Paoli v. United States of America, (1957) 352 U.S. 232, 238, 242, 77 S.Ct. 294, 298, 1 L.Ed.2d 278, 283, 285.

. State v. Rosen, (1949) 151 Ohio St. 339, 86 N.E.2d 24.