212 So.2d 27 (1968)
Dale KELLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 6982.
District Court of Appeal of Florida. Second District.
May 1, 1968.
Rehearing Denied June 26, 1968.
Thomas W. Perkins, Bartow, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
OVERTON, BEN F., Associate Judge.
The appellant, Dale Kelley, a former patrolman for the Police Department of the City of Mulberry, Florida, together with Horace Branch, the former police chief, J.L. Doggett, another former patrolman, and Bertram Dale Durden, were jointly charged in two counts in an information filed in Polk County with the offenses of conspiracy to commit robbery and robbery of a Thriftway Food Store on June 19, 1965.
The co-defendant, Bertram Dale Durden, pled guilty and testified for the state as an accomplice witness. The appellant, Dale Kelley, on September 6, 1965, made an electronically recorded post-Escobedo pre-Miranda confession, and on the next day entered a plea of guilty to the information in open court. He later denied the confession and was allowed to withdraw his plea of guilty. Upon trial the appellant was convicted on both counts and his co-defendants, Branch and Doggett, were acquitted. The appellant appeals from the judgment of conviction and sentence of ten years on the charge of robbery and a one-year sentence concurrent with the robbery sentence *28 on the charge of conspiracy to commit robbery.
The appellant contends the lower court erred by admitting his confession into evidence and in denying his application for a change of venue.
With regard to the confession, the record reflects the appellant, Kelley, was arrested in Chattanooga, Tennessee, and voluntarily agreed to be taken back to Polk County, Florida. He claims that during the return trip to Florida the officers interrogated him steadily and did not advise him of his right to counsel. The officers testified that they advised the defendant of his right to counsel and denied steadily questioning the defendant on the trip. Upon the appellant's return to Bartow he was questioned for approximately one hour and after hearing a recording of a statement made by the co-defendant, Durden, and confronting Durden, the appellant made his confession on September 5, 1965. The appellant contends that he was emotionally unstable, having great concern for his family at this time. Extensive testimony out of the presence of the jury was taken to determine the voluntariness of the confession. The trial court found it to be voluntary and admitted it into evidence, allowing the jury to hear the recording, and in addition, allowing the jury to have a transcript of the confession to follow while listening to it. This court has reviewed the extensive record concerning this confession and finds that it was intelligently and voluntarily given, and that its admission was proper and in accordance with the view of the Supreme Court of Florida as stated in its recent decision of State of Florida v. Outten, 206 So.2d 392 (Fla. 1968).
With regard to the lower court's denial of appellant's application for change of venue, it heard testimony and received as evidence newspaper and magazine stories pertaining to the case. The main point of the appellant's contention is that he was prejudiced because of the pretrial publicity generated by the unusual nature of the case, specifically that he was being tried for a crime for which an innocent man had been convicted and sent to prison.
Knowledge of the incident because of its notoriety is not, in and of itself, grounds for a change of venue. The test for determining a change of venue is whether the general state of mind of the inhabitants of a community is so infected by knowledge of the incident and accompanying prejudice, bias, and preconceived opinions that jurors could not possibly put these matters out of their minds and try the case solely upon the evidence presented in the courtroom. Singer v. State (Fla. 1959) 109 So.2d 7; Collins v. State (Fla.App. 1967) 197 So.2d 574 and cases cited therein.
In his order denying the change of venue the trial judge pointed out that a total of eleven peremptory challenges were exercised by the defendants and there remained fifty jurors present and available when the jury had been selected. Each defendant was entitled to sixteen peremptory challenges under Section 913.08, Florida Statutes, F.S.A. The trial court found that there was no difficulty in securing a jury in this case that stood "unbiased, unprejudiced, and absolutely qualified to sit as jurors." An application for a change of venue is addressed to the sound discretion of the trial court. Singer v. State, supra. The record in this case fails to establish any abuse of discretion on the part of the trial court.
This court has carefully considered the remaining points by which the appellant seeks reversal of the judgment appealed. We find no error and the judgment appealed is accordingly affirmed.
ALLEN, Acting C.J., and HOBSON, J., concur.