212 So.2d 29 (1968)
Horace BRANCH and Dale Kelley, Appellants,
v.
STATE of Florida, Appellee.
No. 7096.
District Court of Appeal of Florida. Second District.
May 1, 1968.
On Rehearing July 26, 1968.
*30 Thomas W. Perkins, Bartow, for appellants.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
OVERTON, BEN F., Associate Judge.
This cause concerns the same participants and similar offenses as set out in Kelley v. State, Fla.App., 212 So.2d 27, Opinion filed May 1, 1968. The appellants, Horace Branch, Dale Kelley and Bertram Dale Durden, were jointly charged in a two-count information filed in Polk County with the offense of conspiracy to commit robbery and robbery of a Kwik-Serv grocery in Mulberry, Florida, on March 11, 1965. On this date the appellant Branch was the Chief of Police and the appellant Kelley was a patrolman for the City of Mulberry.
As in the prior case, the co-defendant, Bertram Dale Durden, pled guilty and testified for the state as an accomplice witness. The appellant, Dale Kelley, on September 6, 1965, made an electronically recorded post-Escobedo pre-Miranda confession and on the next day entered a plea of guilty to the information in open court. He later denied the confession and was allowed to withdraw his plea of guilty. Three months after the related previous case the appellants, Branch and Kelley, were tried together on these offenses, and were each convicted of both counts, the appellant Branch being sentenced to a total of twenty years and the appellant Kelley being sentenced to a total of ten years consecutive with the total ten-year sentence imposed in the prior case. From their judgments and sentences the appellants appeal.
Both appellants contend it was error to deny the motions for change of venue. The appellant Kelley contends it was error for his confession to be admitted against him. The appellant Branch contends it was error to deny his motion for severance; it was error to admit Kelley's confession when it specifically implicated Branch; and further, that the court should have granted Branch a new trial on the grounds of improper conduct by the jurors in failing to follow the instructions of the court in considering said confession.
As in the related case, the appellants contend they were prejudiced by the notoriety and publicity generated by the unusual nature of the case, coupled with the publicity of the conviction of Kelley and acquittal of Branch in the prior case three months previous. The record reflects there was no difficulty encountered in selecting a jury. One hundred thirty-four prospective jurors were present. The court excused twenty-four prospective jurors for various reasons prior to beginning selection of a jury. A jury of six and one alternate was selected after the state and the defendants had exercised eight peremptory challenges. Each defendant was entitled to sixteen peremptory challenges under Section 913.08, Florida Statutes, F.S.A. Ninety-five veniremen were still remaining at the time the jury and the alternate were accepted.
Knowledge of the incident because of its notoriety is not in and of itself grounds for change of venue, and the appellants have failed to establish that the minds of the inhabitants were so infected by knowledge of the incident that a fair jury could not be selected. Singer v. State (Fla. 1959) 109 So.2d 7; Collins v. State (Fla. App. 1967) 197 So.2d 574, and cases cited therein. This record reflects no abuse of discretion by the trial court in denying a change of venue.
Related to this contention is the appellants' assertion as error that the trial judge failed to allow voir dire examination individually and outside the presence of the remaining prospective jurors. This again is discretionary with the trial court, and the record fails to reflect that the trial judge abused his discretion.
With reference to the confession in issue, the record reflects the confession *31 of the appellant Kelley in this case was made on September 6, 1965, immediately prior to the confession given by him in the previous case. The facts and circumstances leading up to the confession are identical to those set out in Kelley v. State, supra. In this cause the trial court made a separate determination and finding in this case that the confession was voluntary and admitted it into evidence. As in Kelley v. State, supra, the court allowed the jury to hear the recording and to assist them, permitted the jury to have a transcript of the confession to follow while listening to it. The confession was intelligently and voluntarily given, and its admission was proper and in accordance with the views of the Supreme Court of Florida as stated in its recent decision in State of Florida v. Outten, 206 So.2d 392 (Fla. 1968).
The confession by Kelley clearly named and implicated his co-defendant Branch in the offenses, and the appellant Branch contends the lower court erred by admitting it into evidence. The record reflects the trial court admonished the jury that they must disregard entirely any reference made by Kelley in the confession to Branch. The jury was instructed on three occasions, as follows:
First, at the commencement of the testimony of the deputy who received the confession:
"THE COURT: Any reference made throughout this testimony to this defendant Branch you will disregard. Any testimony here to this defendant Kelly can only be considered in determining his guilt or innocence, and have no application to your consideration of the issues here to the defendant Branch.

MR. CAMPBELL: The testimony of Kelly with Mr. Goodson.

THE COURT: That's right, with Mr. Goodson.

MR. EDMUND: And any statements Mr. Kelly might have made that contain any reference to Mr. Branch during, Your Honor has said is not to use that as any indication.

THE COURT: That is correct. You may only consider it as it relates to the guilt or innocence of Mr. Kelly and of he alone."
Second, immediately prior to playing the confession for the jury:
"THE COURT: As this recording is being played you will again be admonished that any reference made in there by the man alleged to have made it to Mr. Branch you may disregard entirely. You may only consider this, if you consider it at all, for whatever value given to it in determining the guilt or innocence of Mr. Kelly and eliminate it as to Mr. Branch.

MR. EDMUND: Would Your Honor amend that admonishment to the jury from may disregard and substitute they must disregard any references made.

THE COURT: Yes, sir, you must. I thought that's what I said. You can only consider it in determining the guilt or innocence of Mr. Kelly.
MR. EDMUND: And cannot consider it it (sic) determining the guilt or innocence of Mr. Branch.

MR. EDMUND: That is correct. It is not evidence to be considered in determining the issues as it relates to Mr. Branch."
Third, at the conclusion of the instructions to the jury:
"THE COURT: Gentlemen, I forgot to instruct you that this confession, if you give any weight to it whatsoever, that's your determination, but if you do, it can only be considered in determining the guilt or innocence of Dale Kelly, and not considered in any way as you determine the guilt or innocence of Horace Branch."
Although the better practice would have been to separately try these defendants, the failure to sever and the admission into evidence *32 of the confession implicating Branch under the instruction as given by the court was not reversible error, and is permissible under Kinsey v. State (Fla.App.) 193 So.2d 437, and Delli Paoli v. United States of America (1957) 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278.
Related to this issue is the assertion by the appellant Branch that the court should have granted a new trial because the jury failed to follow the court's instruction to disregard the confession insofar as it implicated Branch. This contention is based upon an affidavit by counsel for the appellant, which affidavit relates a conversation which counsel for the appellant had with one of the jurors immediately after the trial. The conversation came about by counsel inquiring for his own betterment and education. The affidavit sets out statements by the juror which infer that the jury improperly followed the court's instruction concerning the confession as it pertains to the appellant Branch.
It is generally still held that the jurors' discussion in a jury room must be kept secret to prevent uncertainty and distrust, the only exception being where there is a mistake in announcing or recording the verdict, or where there is fraud or corruption. Further, that it is improper and against public policy to permit jurors to testify to motives and influences by which their deliberations were governed. Straker v. Graham, 7 Dowl. 223 (225); Burgess v. Langley, 1 D. & L. 21 (23); Woodward v. Leavitt (1871) 107 Mass. 453; Clark v. United States, 289 U.S. 1, 53 S.Ct. 465, 77 L.Ed. 993; State ex rel. D'Andrea v. Smith (Fla.App. 1966) 183 So.2d 34; McAllister Hotel, Inc. v. Porte (Fla. 1960) 123 So.2d 339. Also see cases cited in "Wigmore on Evidence" (McNaughton Ed.) Volume VIII, Sections 2345-2356. To allow such an inquiry concerning the motives and influences of jurors would extend litigation to attempt to determine the imponderable issue of what, in fact, motivated and influenced each juror in arriving at his own independent judgment in reaching a verdict.
This case does not involve the testimony of the juror but is a hearsay affidavit made by counsel for the defendants setting forth alleged statements made by the juror and conclusions of what influenced the jurors in arriving at their verdict. This is clearly not grounds for a new trial. State ex rel. D'Andrea v. Smith, supra; McAllister Hotel, Inc. v. Porte, supra.
The original Canon 23, 32 F.S.A., concerning attorneys' relationship with jurors in effect at the time of this incident has been the subject of controversy. It was interpreted by the American Bar Association Committee on Ethics in its Formal Opinion No. 109 to prohibit inquiry by an attorney of a juror for his betterment and education. This was modified in Informal Opinion 535, and overruled in its Formal Opinion 319 issued August 26, 1967 (See 53 Am. Bar Journal 1127, December 1967). Canon 23 was amended by the Supreme Court of Florida in June 1966, In re Canons of Ethics Governing Attorneys (Fla. 1966) 186 So.2d 509, and now prohibits such an inquiry except to challenge for legal cause and then only upon notice to the trial court and opposing counsel.
This court has considered each point by which the appellants seek a reversal of the judgment appealed. There is no error and the judgments appealed from are accordingly affirmed.
ALLEN, Acting C.J., and HOBSON, J., concur.

ON PETITION FOR REHEARING
OVERTON, BEN F., Associate Judge.
Petition for rehearing must be granted and this opinion reconsidered in view of the recent United States Supreme Court decision in Bruton v. United States, 391 U.S. 123, *33 88 S.Ct. 1620, 20 L.Ed.2d 476; rendered on May 20, 1968, twenty days after the opinion in this cause was filed, but still under consideration upon the defendants' petition for rehearing.
The United States Supreme Court in Bruton v. United States, supra, held that the admission into evidence of a co-defendant's confession at a joint trial violated the defendant's right of cross-examination secured by the confrontation clause of the Sixth Amendment to the Constitution of the United States. The court in its opinion specifically overruled the opinion it rendered in Delli Paoli v. United States (1957) 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278. Any question whether this United States Supreme Court decision is retroactive was resolved by the court on June 10, 1968, in Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100, in which the court specifically held the Bruton decision to be retroactive.
This court, in its main opinion, as did the trial court below, relied upon the rule established by the United States Supreme Court in Delli Paoli v. United States, supra. We mentioned that the better practice would have been to grant a severance, the purpose being to avoid the frequently raised issue in this type of case that the trial court abused its discretion by failing to grant a severance. The trial court had exercised its discretion in this cause and carefuly instructed the jury in accordance with the Paoli rule.
The trial court no longer has any discretion concerning this issue and the United States Supreme Court has now, after the game is over and the score is in, said the rules are changed and the game must be played again. The trial judge was right at the time of the trial, but wrong at the time of the appeal.
This decision of the United States Supreme Court is the law, and must be followed. Failure of this court in this cause to follow the Supreme Court's decision would only cause further expense to the state by litigation in federal courts and delay the eventual retrial of the defendant Branch.
Under Bruton v. United States, supra, and Roberts v. Russell, supra, the defendant Horace Branch is entitled to a separate trial and to this extent only this cause is reversed and remanded to the lower court. The remaining contentions of the petitioners' petition for rehearing are without merit. The decision of the lower court is again affirmed as to the defendant Kelley in accordance with the views expressed in the original opinion.
Reversed in part and affirmed in part.
ALLEN, Acting C.J., and HOBSON, J., concur.