ORDER ON MANDATE
PER CURIAM.
This cause is before us on remand from a per curiam reversal by the Supreme Court of the United States. See Jones v. Florida, 394 U.S. 720, 89 S.Ct. 1473, 22 L. Ed.2d 675, opinion filed April 21, 1969.
Willie Jones was tried with four other defendants for the rape of a fifteen year old girl in Dade County, Florida. Jones was convicted of assault with the intent to commit rape, three of the co-defendants were convicted of rape and the fifth defendant was acquitted. The convicted defendants appealed to this Court and Jones argued inter alia that the trial judge erred in not granting his pre-trial motion for severance since one co-defendant had given a confession which also implicated him. This Court affirmed the convictions. See Colebrook v. State, Fla.App.1968, 205 So.2d 675. Certiorari was denied by the Supreme Court of Florida. 212 So.2d 877 (1968).
In the original appeal, decided by this Court on January 3, 1968, we rejected Jones’ contention that the co-defendant’s confession ipso facto entitled him to a separate trial because we felt the instructions given by the able trial judge in this regard were sufficient to protect Jones’ rights. In so doing we merely applied the then-existing Florida and federal law on this point. See Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957); Manson v. State, Fla. 1956, 88 So.2d 272; Kinsey v. State, Fla.App.1967, 193 So.2d 437.
Subsequent to our affirmance, however, the Supreme Court of the United States overruled a long line of its prior decisions and held that co-defendants are automatically entitled to a severance when the prosecution uses the confession of a non-testifying co-defendant which also implicates the non-confessors. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L. Ed.2d 476 (1968). Not only did the Supreme Court change the law in this area, it changed the law retroactively. See Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968). Hence, the per curiam reversal of our prior opinion.
These two decisions by the Supreme Court compel us to reverse Jones’ conviction and direct the trial judge to grant Jones a new and separate trial. Perhaps the only consolation we can give the trial judge is the knowledge that he is not the only victim of “Monday-morning quarter backing.” In Branch v. State, Fla.App.1968, 212 So.2d 29, a sister appellate court was confronted with a similar situation and Judge Overton lamented that
“[T]he United States Supreme Court has now, after the game is over and the score is in, said the rules are changed and the game must be played again. The trial judge was right at the time of the trial, but wrong at the time of the appeal.” Id., at 33.
For these reasons we reverse our prior decision insofar as it affected Willie Jones and remand this cause to the trial court with directions to grant a new trial solely as to Willie Jones.
It is so ordered.