336 So.2d 426 (1976)
Robert Lowe PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. AA-75.
District Court of Appeal of Florida, First District.
August 17, 1976.
Michael H. Stauder, Gamot & Stauder, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Donald K. Rudser, Asst. Atty. Gen., for appellee.
*427 BOYER, Chief Judge.
Appellant was tried and convicted of rape, and his conviction was affirmed by this Court. (Parker v. State, Fla.App.1st 1974, 295 So.2d 312) He thereupon filed a motion to vacate and set aside judgment and sentence, pursuant to Rule 3.850, RCrP, in which motion he alleges that one of the jurors at his trial voted for a conviction because of an improper reason. The trial court denied the motion, and this appeal followed.
Attached to the motion to vacate was an affidavit of a 70 year old juror, Sadie B. Johnson, who averred that at 10:00 p.m. on the evening that the jury retired to ponder its verdict, the bailiff came with instructions from the judge that if a decision was not reached within five minutes, the jury would be locked up for the night. Not knowing what confinement meant, Mrs. Johnson, according to the affidavit, became fearful, changed her mind, and voted guilty in order to be able to go home that night. However, at a hearing held on the motion to vacate, Mrs. Johnson retracted the pertinent allegations in her affidavit, but instead claimed that she overheard two women jurors saying that it was possible that the jury might have to be locked up for the night. While she stated that the basic reason for her change in vote from not guilty to guilty was the fear of being locked up, she admitted on questioning from the court that she had also become disturbed about the verdict in the case upon learning of the length of the sentence that had been imposed.
The general rule in Florida to be applied when a juror's testimony is employed to challenge a jury verdict is that such testimony may be used to show matters which do not essentially inhere in the verdict itself. (Russ v. State, Sup.Ct.Fla. 1957, 95 So.2d 594) Typical examples of matters which do not inhere in the verdict itself are: A juror being improperly approached by a party, agent, or attorney; witnesses discussing the facts or merits of the case, out of court, and in the presence of jurors; and the verdict being determined by lot or some other device of chance. A matter which does essentially inhere in the verdict itself involves, for instance, a juror not assenting to the verdict, a juror misunderstanding the instructions of the court, a juror being unduly influenced by the statements of his fellow-jurors, or a juror being mistaken in his calculations or judgments. (Russ v. State, supra at 600)
The matter of which appellant now complains is one which essentially inheres in the verdict. It is a matter which is difficult to verify or even, in this case, to accept at all, given the vacillating nature of the juror's testimony. Given the nature of the matter raised in appellant's motion to vacate, the trial court was eminently correct in denying the motion.
We have fully considered appellant's remaining point raised on appeal and have found it to be without merit.
AFFIRMED.
McCORD, J., and SCHLEGEL, LEW E., Associate Judge, concur.