362 So.2d 987 (1978)
INTERNATIONAL UNION OF OPERATING ENGINEERS and International Union of Operating Engineers, Local 487, Appellants,
v.
Murl LONG and Sally Long, His Wife, Appellees.
No. 77-1129.
District Court of Appeal of Florida, Third District.
September 19, 1978.
Rehearing Denied October 20, 1978.
*988 Kaplan, Dorsey, Sicking & Hessen, Miami, and Joel V. Lumer, Coral Gables, Larry Klein, West Palm Beach, for appellants.
Horton, Perse & Ginsberg, Stanley M. Rosenblatt, Miami, for appellees.
Before PEARSON, HUBBART and KEHOE, JJ.
KEHOE, Judge.
Appellants, two of the defendants below, bring this appeal from a final judgment entered pursuant to a jury verdict awarding appellees, plaintiffs below, total compensatory damages of $400,000 and total punitive damages of $400,000. We reverse.
During 1972, L & A Contracting Company, defendant below (not a party to this appeal), was a subcontractor at what was known as the Aventura job site. L & A was engaged in the placement of manholes and the laying of conduit under a contract with Southern Bell Telephone Company. A continuing labor dispute was occurring at the job site. Appellant International Union of Operating Engineers, Local 487 [hereinafter referred to as Local] was claiming jurisdiction over the entire job site and a confrontation occurred between Local and L & A's employees who were not members of Local. During this confrontation, members of the Local engaged in a variety of abusive and threatening conduct toward L & A's employees. The confrontation reached the point where members of Local assaulted and battered several L & A employees. Officers of the Dade County Public Safety Department had to be called in to restore order, etc. While the officers were still nearby on the scene, Edward Walker, an employee of L & A, started back to work by operating a backhoe. Members of Local *989 began intimidating Walker. Walker, while operating the backhoe under these conditions, allowed the top of the backhoe to come in contact with some high-tension wires located in the area. The wires broke and fell to the ground some distance away from where they were hit. The wires struck appellee Murl Long who was an innocent bystander. As a result, Murl Long was seriously injured and permanently incapacitated.
Appellees filed a complaint against appellants and two others not parties to this appeal. The complaint sought both compensatory and punitive damages for the injuries sustained by Murl Long. Basically, the complaint alleged a breach of duty on the part of Local to appellees and alleged that International was liable on the basis of its relationship with Local.
One of the defendants below, Florida Power and Light Co., was dismissed from the cause with prejudice, and the matter proceeded to a jury trial as to the other three defendants. The jury returned a verdict finding L & A Company 35%, Local 40%, and International 25% responsible for compensatory damages of $400,000. Additionally, the Local was assessed $100,000 and International $300,000 in punitive damages. From the final money judgment entered pursuant to the jury verdict, appellants appeal.
Among the several points raised by appellants on appeal, is one which we think is dispositive of the matter. At the close of all the evidence, a charge conference was held at which time both appellants and appellees requested certain charges. The trial court refused to give appellants' proposed instruction on vicarious liability, and instead gave, among others, the following instruction, requested by appellees:
"The defendants, International Union of Operating Engineers Local No. 487, and International Union of Operating Engineers, by and through their membership, are, as a matter of law liable for the common law torts, negligent or intentional of their officers or members."
In our opinion, this instruction was incorrect. Although a labor union or its membership is not liable to persons who suffer financial losses as the result of peaceful and lawful labor activities, the courts have uniformly recognized that a labor union or its membership may be held liable, under general principles of agency law, for the common law torts of its officers or members committed during the course of a lawful strike, or other primary labor activities, if the union officers or members authorized, participated in, or ratified the tortious acts. See Annot., 36 A.L.R.3d 405 (1971), and cases cited therein. In this case, the instruction quoted above given by the trial court failed to instruct on whether Local or International either authorized, participated in, or ratified the tortious acts of Edward Walker. Without such instruction having been given, the jury was incorrectly instructed on appellants' theory of the case. Accordingly, the final judgment entered by the trial court must be reversed and the cause remanded for a new trial. See, e.g., Gallagher v. Federal Insurance Co., 346 So.2d 95 (Fla. 3d DCA 1977).
In the light of this determination, it is unnecessary for us to determine the other points raised by appellants on appeal.
Reversed and remanded.