411 So.2d 1320 (1981)
STATE of Florida, Petitioner,
v.
John Francis BLASI, Respondent.
No. 81-1647.
District Court of Appeal of Florida, Second District.
November 18, 1981.
Rehearing Denied December 18, 1981.
*1321 James T. Russell, State Atty. and C. Marie King, Asst. State Atty., Clearwater, Jim Smith, Atty. Gen., Tallahassee, and James S. Purdy, Asst. Atty. Gen., Tampa, for petitioner.
A.R. Mander, III of Greenfelder & Mander, Dade City, for respondent.
SCHEB, Chief Judge.
Defendant, John Francis Blasi, was indicted on two counts of first degree murder of a store salesman and a waitress who came to the salesman's aid during a robbery attempt. On August 7, 1981, after a five-day trial, the jury returned a verdict of guilty of attempted murder on each count. The verdict was read in open court by the deputy clerk. At the request of the state, the twelve members of the jury were then individually polled and each juror acknowledged the verdict. The trial judge then formally adjudicated the defendant guilty on each count of attempted first degree murder with a firearm, and the defendant was taken to the county jail. Thereafter, the trial judge formally discharged the jurors. Deputy sheriffs then transported the jurors, who had been sequestered during the week of the trial, from the courthouse to the hotel so they could get their personal belongings. At the hotel, it became apparent to deputy sheriffs escorting the jurors that the panel believed they had found defendant guilty of first degree murder.
The deputies notified the assistant state attorney who had tried the case, and he, in turn, notified the trial judge. The trial judge agreed to sequester the jury for the night and hear any motions that the state wished to make the next morning. On August 8, the state filed a motion to vacate which stated in part:
3. That Sgt. Greg Devlin of the Pasco County Sheriff's Office who assisted in the security of the jury learned from all the jury members while the jury was still sequestered shortly after the rendition of their verdicts that the guilty verdicts of Attempted Murder in the First Degree had mistakenly been signed by the foreperson and that all members of the jury stated that their unanimous verdict had been and was guilty as charged of Murder in the First Degree.
Affidavits of the deputy sheriffs filed August 11, further elaborated the circumstances mentioned in the motion to vacate as follows. Upon arrival at the hotel a few minutes after the verdicts had been published, one of the deputies asked a juror how they had arrived at the verdict. When the juror responded that defendant was guilty of killing the victims, Detective Sgt. Devlin informed him that they had convicted the defendant of attempted first degree murder. Devlin then asked the assembled jurors, who were still sequestered, whether they had intended to convict the defendant of first degree murder. They collectively replied that they did, and the foreperson declared that she must have signed the wrong verdict form.
On August 11, the trial judge denied the motion to vacate after refusing to allow the state to call witnesses in support of it. The state seeks review of that order by this petition for writ of certiorari, arguing that under the circumstances it has alleged a trial court may correct a verdict it has entered.
If the matters raised "inhere in the verdict," the verdict is not subject to attack. Matters which inhere in the verdict are those which arise during the deliberation *1322 process. Thus, a verdict will not be overturned where one juror alleges that his will was overborne by another juror or where a particular verdict was based on a mistaken presumption.[1]
However, where matters do not inhere in the verdict such as where the jury was subject to impermissible outside influences or where the verdict given was not the one which the jury intended, the verdict is subject to collateral attack.[2] Here, the state alleged that the foreperson signed the wrong verdict form. This does not appear to be a case where the jury entered the verdict they meant to enter and later alleged mistaken reasons for such verdict. Instead, it is analogous to "a mistake in announcing or recording the verdict," which is an exception to the general rule that the motives of the jury may not be looked into. Branch v. State, 212 So.2d 29 (Fla.2d DCA 1968). We agree that such a mistake as the state alleges would not inhere in the verdict and, thus, the verdict may be subject to collateral attack.
Notwithstanding that the matters alleged here, if true, would not inhere in the verdict, the verdict may still not be subject to correction if the length of time that transpired after the jury returned the verdict and the events occurring during such time "contaminated" the jury. The only case we have discovered in which a correction of a mistake was permitted at the state's request is Masters v. State, 344 So.2d 616 (Fla. 1st DCA 1977). There, the court emphasized that the jury was still in the courthouse and there was very little opportunity for outside communication. While other cases holding that particular matters do not inhere in the verdict do not make contamination an issue, those cases do reverse convictions in favor of defendants.[3] In this case, then, if the trial court determines that there was a mistake by the jury which does not inhere in the verdict it must consider whether the jury has been contaminated by some outside influence so as to preclude correction of the verdict.
Because the alleged circumstances here do not appear to us to inhere in the verdict, we vacate the order of the trial judge and remand for a full evidentiary hearing at which the court shall hear evidence on the circumstances of the alleged mistake of the jury. If the court finds that the matters alleged by the state are true and therefore do not inhere in the verdict, the court should further determine if the jury was contaminated. Then if the court finds that the jury was not contaminated, the verdict should be corrected.
REVERSED AND REMANDED.
HOBSON and CAMPBELL, JJ., concur.
NOTES
[1] In the following cases, the matters raised were held to inhere in the verdict. See State v. Ramirez, 73 So.2d 218 (Fla. 1954) (erroneous belief by one juror that majority of jury ruled); Parker v. State, 336 So.2d 426 (Fla. 1st DCA 1976) (juror voted guilty so she wouldn't have to be locked up for the night); Smith v. State, 330 So.2d 59 (Fla. 1st DCA 1976) (jury mistakenly believed a lesser offense was highest offense charged); Branch v. State, 212 So.2d 29 (Fla. 2d DCA 1968) (jury did not follow instruction); and State v. Smith, 183 So.2d 34 (Fla. 2d DCA 1966) (jury in disagreement as to what they intended).
[2] In the following cases, the matters raised were held not to inhere in the verdict. See Masters v. State, 344 So.2d 616 (Fla. 1st DCA 1977) (jury signed two verdicts); and Russ v. State, 95 So.2d 594 (Fla. 1957) (one juror claimed personal knowledge of the case and influenced the jury).
[3] See Russ v. State, 95 So.2d 594 (Fla. 1957) and Crapps v. Murchek, 330 So.2d 173 (Fla. 4th DCA 1976).