508 So.2d 1285 (1987)
Gilford David ROBINSON, Petitioner,
v.
The Honorable Mary Ann MacKENZIE, As Circuit Court Judge for the Eleventh Judicial Circuit of Florida, in and for Dade County, Respondent.
No. 87-601.
District Court of Appeal of Florida, Third District.
June 9, 1987.
Rehearing Denied July 20, 1987.
Bennett H. Brummer, Public Defender, and Beth C. Weitzner and Karen M. Gottlieb, Asst. Public Defenders, for petitioner.
Robert A. Butterworth, Atty. Gen., and Janet Reno, State Atty., and Richard L. Shiffrin, Asst. State Atty., for respondent.
Before HENDRY, NESBITT and BASKIN, JJ.
PER CURIAM.
This case arises from an unusual set of circumstances.[1] The jury returned a verdict finding Robinson guilty of attempted first-degree murder with a firearm. The record discloses that when the clerk polled the jury, all the jurors agreed that the announced verdict was theirs. Pursuant to the verdict, the court adjudged Robinson guilty of attempted first-degree murder with a firearm. The court then discharged the jurors, and they dispersed. Several hours later, and despite the time constraints of Florida Rule of Criminal Procedure 3.570,[2] the state filed a motion to *1286 vacate the adjudication of attempted first-degree murder. In its motion, the state argued that the jury had returned the wrong verdict and that it had intended to return a verdict of first-degree murder. The court recalled the jurors, conducted an evidentiary hearing, and vacated the adjudication. The court then entered an adjudication as to first-degree murder with a firearm. We find that the trial court's action constituted a departure from the essential requirements of the law.
A jury verdict is sacrosanct unless clerical mistakes or outside influences thwart return of the jury's intended verdict. Verdicts based on the jury's misapprehension of the law are not subject to collateral attack because matters considered during deliberations inhere in the verdict. State v. Blasi, 411 So.2d 1320 (Fla. 2d DCA 1981); see Sims v. State, 444 So.2d 922 (Fla. 1983), cert. denied, 467 U.S. 1246, 104 S.Ct. 3525, 82 L.Ed.2d 832 (1984). Challenges arising from mere clerical error, however, may result in corrective action if the jurors have not been "contaminated" by events occurring subsequent to their separation. See Blasi.
We reject the state's characterization of the problem in this case as mere clerical error justifying the trial court's actions. A review of the record discloses circumstances that cannot be described as clerical error. Testimony from the evidentiary hearing reveals that the jurors had signed several verdict forms prior to reaching their final decision. Although one of those forms was for first-degree murder, the jury intentionally discarded it when it agreed upon and returned the attempted first-degree murder form. According to the testimony, ten jurors thought their verdict signified felony murder in the first degree; on the other hand, two jurors understood the verdict to be "first-degree murder," while three jurors testified that the jury had rejected a finding of guilt of premeditated first-degree murder. Thus, it is clear that if error occurred, it resulted from the jurors' misapprehension of law, and was not the result of a scrivener's error. Under those circumstances, the matters addressed by the trial court inhered in the verdict and were not subject to reconsideration. See Russ v. State, 95 So.2d 594 (Fla. 1957); Marks v. State Road Dep't, 69 So.2d 771 (Fla. 1954); Smith v. State, 330 So.2d 59 (Fla. 1st DCA 1976); State ex rel. D'Andrea v. Smith, 183 So.2d 34 (Fla. 2d DCA 1966); cf. Blasi (where foreman signed wrong verdict form, mistake does not inhere in the verdict). But cf. Crapps v. Murchek, 330 So.2d 173 (Fla. 4th DCA 1976) (new trial granted where jury unanimous in its finding of justifiable homicide mistakenly concluded that its finding was synonymous with verdict of manslaughter).
Finding that the trial court improperly relied on matters that inhered in the verdict, that the verdict became final when the jurors dispersed, and that no exception to the finality of the jury verdict authorized the court to vacate the verdict, we quash the adjudication as to first-degree murder with a firearm.
Certiorari granted; adjudication of first-degree murder quashed; adjudication of attempted first-degree murder with a firearm reinstated; remanded for sentencing.
NOTES
[1] We treat Robinson's petition for writs of prohibition and mandamus as a petition for writ of certiorari. Fla.R.App.P. 9.040(c).
[2] Fla.R.Crim.P. 3.570 provides:

No irregularity in the rendition or reception of a verdict may be raised unless it is raised before the jury is discharged. No irregularity in the recording of a verdict shall affect its validity unless the defendant was in fact prejudiced by such irregularity.