573 So.2d 385 (1991)
INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 675, Appellant/Cross Appellee,
v.
David Ray KINDER, Appellee/Cross Appellant.
Nos. 88-1452, 88-1819, 88-1933 and 88-2692.
District Court of Appeal of Florida, Fourth District.
January 16, 1991.
Rehearing Denied February 21, 1991.
*386 Melanie G. May of Bunnell & Woulfe, P.A., Fort Lauderdale, and John Beranek of Aurell, Radey, Hinkle & Thomas, Tallahassee, for appellant/cross appellee.
Carolyn A. Pickard and James M. McCann, Jr., of Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, for appellee/cross appellant.
PER CURIAM.
The International Union of Operating Engineers, Local 675 (Union), appeals a jury verdict and judgment in favor of appellee Kinder, for personal injuries received by Kinder following a beating by the Lowrie brothers. Also appealed are a cost judgment and post-trial order denying an interview of the jurors under Florida Rule of Civil Procedure 1.431(g). Appellant has presented one meritorious point on appeal which would warrant reversal and remand for further proceedings by the trial court.
Appellant Union assigns as error the trial court's refusal of appellant's post-trial motion to interview the jurors. This motion appeared to be prompted by two factors. First, during the course of the jury's deliberations, it appears that a courthouse custodian confronted the jurors in a hallway, and exhorted the jurors to give the appellee, Kinder, a large award because he was beaten up by unionizers. The second ground was based on an article that appeared in the "Broward Review" some two months following the verdict. In that article, one of the jurors, Mr. Fallon, was quoted as saying, "He served as a tempering influence on a jury that included people with a warped view of unions as secretive, violent institutions." As far as the timeliness of the motion to interview jurors, it could be argued that the motion could have been brought within the ten-day time limitation envisioned by Florida Rule of Civil Procedure 1.431(g) [now 1.431(h)], based solely on the custodian's remarks. However, the trial court had conducted a voir dire of the jurors, and apparently was satisfied that they could continue to be fair. Clearly, the newspaper article, as an additional basis for seeking to interview the jurors, could not be alleged as a ground until the article appeared. Considering the cumulative effect of these two factors and, in particular, juror Fallon's allegation of improper considerations by his fellow jurors, we believe this case presents one of the rare instances where a post-verdict interview of the jurors would have been correct. Such a result would be supported by our sister court's opinion in Snook v. Firestone Tire & Rubber Co., 485 So.2d 496 (Fla. 5th DCA 1986).
This is not to say that such an interview would necessarily lead to the granting of a new trial. That determination could not be made until after the interviews were completed, and the findings presented to the trial court. However, it is clear that from the appellant's perspective, the goal would be to obtain a new trial. Such a result would be consistent with the second district's *387 holding in Skiles v. Ryder Truck Lines, Inc., 267 So.2d 379 (Fla. 2d DCA 1972), cert. denied, 275 So.2d 253 (Fla. 1973).
We reject appellant's remaining claims of error on appeal as well as appellee's claim of error on cross appeal. While we find no reversible error in any of the other points raised by the parties, we specifically note upon review of the record, our conclusion that the evidence, although substantially circumstantial, was sufficient to sustain the jury's verdict. Cf. International Union of Operating Engineers v. Long, 362 So.2d 987 (Fla. 3d DCA 1978).
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THE FOREGOING.
WALDEN, J., concurs.
ANSTEAD, J., concurs specially with opinion.
POLEN, J., dissents with opinion.
ANSTEAD, Judge, specially concurring.
I concur in the majority's opinion on the jury interview issue, and write separately to explain my view as to the sufficiency of the evidence to demonstrate an agency relationship between the union and Donnie Lowrie, the union organizer who, with his brother, beat up Kinder shortly after he refused to participate in activities to organize a union at his place of employment.
The evidence is undisputed that Lowrie was authorized by the union to attempt to organize the workers at Campbell Crane Company. Lowrie often accompanied union leaders in picketing and other union activities at Campbell. A Campbell employee testified to Lowrie's reference to the Kinder beating in the presence of other union organizers during one of the union-organized activities. Lowrie was quoted as alluding to the Kinder beating as the "old fashioned way of doing business" and that we (the union) "don't do that anymore." Lowrie further stated that Kinder could rejoin the union if he wanted to. While Kinder was punished by the union for his attitude toward the union, Lowrie, although criminally convicted, was never sanctioned by the union for the beating. The statements and actions by Lowrie on behalf of and, in many instances, in the company of union leaders, coupled with evidence of the union's dispute with Kinder, would, in my view, permit a jury of reasonable persons to conclude that the Kinder beating by Lowrie, who had no relationship with Kinder other than the union, was more than mere coincidence and was either known and approved by the union in advance, or known and ratified by the union thereafter. Other courts have held that jury issues were presented in similar circumstances. See International Jai-Alai Players Ass'n v. Sports Palace Inc., 564 So.2d 281 (Fla. 5th DCA 1990); Laborer's Int'l Union of North America v. Rayburn Crane Serv., Inc., 559 So.2d 1219 (Fla. 2d DCA 1990); Int'l Union of Operating Engineers v. Long, 362 So.2d 987 (Fla. 3d DCA 1978), rev. denied, 372 So.2d 469 (Fla. 1979). Accordingly, I do not believe the trial court erred in submitting the case to the jury.
POLEN, Judge, dissenting.
I respectfully dissent. I believe that appellant has presented two meritorious points on appeal, one of which would warrant reversal and remand for entry of a judgment in favor of appellant.
I agree with the majority's determination that the trial court's refusal of appellant's post-trial motion to interview the jurors constitutes reversible error.
The second point which I feel warrants reversal is raised as appellant's point four. It goes to the sufficiency of the evidence and the failure of the trial court to grant the union a directed verdict at the close of the plaintiff's case. There is no issue that Donnie Lowrie, as one of the assailants, would be liable for the terrible injuries inflicted upon appellee Kinder. At issue in the trial court was whether a principal/agent relationship existed between appellant Union and Mr. Lowrie. While a question of the existence, vel non, of an agency relationship is normally one for the jury, such a relationship cannot be based entirely on circumstantial evidence.
In the instant case, much evidence such as the other "bad acts" of the union, was *388 admitted  in my view, improperly. Further, although evidence of Mr. Lowrie's alleged membership in the union's "rat patrol" which dealt with "wayward union members and hesitant prospective members" was relevant, much of the other evidence regarding his other activities was irrelevant to the issue of whether Donnie Lowrie was in fact an agent of the union, operating under its direction and control, at the time he administered the beating to Mr. Kinder.
In light of the totality of the record, and notwithstanding the admission of irrelevant, immaterial evidence which properly should have been excluded, I find no evidence in the record that Donnie Lowrie and his brother were under the direction and control, express or implied, of appellant Union at the time they administered the beating to appellee Kinder. Even if there is evidence that the union expressed some tacit approval of the Lowries' actions after the fact, I do not believe this forms a legal basis to find a principal/agent relationship, or to apply the legal principle of ratification so as to impose liability against said union thereon.
Accordingly, I must disagree with the result reached by the majority, and I would reverse and remand for entry of judgment in favor of appellant in accord with its motion for directed verdict at the close of the case.