BASKIN, Judge.
The State of Florida appeals an order arresting judgment and petitions for a writ of certiorari to quash an order denying its motion to vacate a judgment of acquittal. We reverse the order and deny the petition.
Shelbry C. Cleare was charged by information with armed robbery and possession of a firearm during the commission of a felony. Cleare pled not guilty to both counts. The jury found Cleare not guilty of robbery with a firearm[1] and guilty of possession of a firearm during the commission of a felony. The judge was concerned that the verdicts indicated the jury was confused, but declined to instruct the jury to review its decision. The state suggested reinstruction on filling out the jury forms; however, the defense argued that polling the jury would disclose whether an error had occurred. The court polled the jury and each juror affirmed the verdicts. The court discharged the jury. In accordance with the verdict, the trial court entered a judgment of acquittal on the first count, but entered an order arresting judgment on the second count. The state filed motions to vacate the judgment of acquittal entered for Count One on the ground of clerical error, and to vacate the order arresting judgment on Count Two. The trial court denied both motions. The state appealed the order arresting judgment as to Count Two.
The day after the jury returned its verdict, a juror called the court claiming that the wrong verdict had been returned. Based on this juror’s call, and the allegation that several jurors had seemed surprised by the court’s actions after the verdict was announced, the state requested a hearing to determine the jurors’ true intent. The trial court agreed to hold a hearing and issued a gag order. The jurors were instructed not to speak with anyone about the case. Despite the gag order, at least two jurors spoke with the media. The media also contacted the judge, who refused to comment on the case. The story of “verdict error” was covered extensively in the Miami Herald, on local television, and on radio.
At the commencement of the hearing, the court declared that the integrity of the pending proceeding had been compromised. The court determined that the jury had been contaminated by media exposure, and that further questioning regarding the verdict was foreclosed. The trial court entered an amended order denying the state’s motions to vacate. The state filed a peti *1021 tion for a writ of certiorari seeking to quash the trial court’s denial of the motion to vacate the judgment of acquittal entered as to Count One.
We reverse the order arresting judgment on Count Two, pursuant to the authority of McKee v. State, 450 So.2d 563 (Fla. 3d DCA 1984). In view of defendant’s acquiescence to the instruction that the jury consider and weigh each count separately, the trial court improperly arrested judgment. On remand, the verdict of guilty as to Count Two shall be reinstated.
Addressing the petition for writ of certio-rari, we deny relief. In its amended order denying the state’s motion to vacate the challenged acquittal, the trial court acknowledged:
... challenges arising from mere clerical error may result in corrective action. Where as here, however, jurors had separated into the community and spoken to others about their deliberations and their efforts to repudiate their verdict has received widespread media publicity, this Court finds that the very integrity of the proposed evidentiary hearing has been undermined and that the jurors have been sufficiently contaminated by such events so as to preclude further testimony on their part. For example, for those jurors who have learned of the defendant’s other pending cases from the reporters, it is virtually impossible to ascertain whether these jurors are attempting to correct a true clerical error or whether they are reacting to their knowledge of his other robbery charge.
12. In conclusion, simply put, this Court refuses to establish a precedent which allows jurors who have been discharged and spoken to others about their deliberations to thereafter come back into Court and repudiate their verdict.
Finding that the trial court did not depart from the essential requirements of law in denying the state’s motion, we deny the petition for a writ of certiorari. Robinson v. MacKenzie, 508 So.2d 1285 (Fla. 3d DCA 1987); State v. Blast, 411 So.2d 1320 (Fla. 2d DCA 1981).
Certiorari denied; order arresting judgment reversed and remanded.

. The verdict stated:
_ Guilty
X Not Guilty
OF THE OFFENSE: Robbery, as charged in count one of the information:
X With a firearm
_ Without a firearm
So Say We All.