616 So.2d 486 (1993)
Viviana Mendez CARCASSES, Appellant,
v.
Bruce A. JULIEN, M.D., Appellee.
No. 91-2243.
District Court of Appeal of Florida, Third District.
March 9, 1993.
Rehearing Denied May 18, 1993.
*487 Malove, Kaufman & Marbin, Stephen L. Malove, Lawrence & Daniels, and Adam Lawrence, Miami, for appellant.
Stephens, Lynn, Klein & McNicholas, Robert M. Klein, and Philip D. Parrish, Miami, for appellee.
Before NESBITT, LEVY and GERSTEN, JJ.
GERSTEN, Judge.
The appellant, Viviana Mendez Carcasses (Carcasses), appeals the denial of her motions for new trial and the scope of a jury interview in a medical malpractice case. We affirm.
After an adverse jury verdict, Carcasses moved for a new trial and for a jury interview. In a motion to interview the jury, Carcasses alleged by affidavit that: (1) after the jury was discharged, a juror initiated a conversation with her; (2) he spoke with his sister about the case; (3) his sister had undergone a similar medical procedure; and, (4) his verdict had been influenced by sympathy for the doctor's reputation.
Based upon Carcasses' affidavit, the trial judge interviewed all of the jurors pursuant to Fla.R.Civ.P. 1.431(h). The trial court limited the scope of the hearing to non-record information received by juror Ruiz.
During the jury interview, juror Ruiz denied discussing the case with his sister except for the fact that the case was taking a long time. Ruiz also indicated that, to his knowledge, his sister did not undergo the same medical procedure as Carcasses. The trial court concluded that there was no indication by any juror that they received non-record evidence. Accordingly, the motion for new trial was denied.
Carcasses contends that the trial court erred in limiting the scope of the jury inquiry. Specifically, Carcasses maintains it was error to prohibit questioning of the jurors regarding juror Ruiz's desire not to harm a doctor's reputation. Appellee, Dr. Julien, asserts that the trial court did not abuse its discretion by limiting the scope of the inquiry and precluding inquiry into the subjective impressions of the jury.
In Baptist Hosp. of Miami, Inc. v. Maler, 579 So.2d 97, 99 (Fla. 1991), the Florida Supreme Court reiterated the test for gauging claims of juror misconduct:
[I]n considering whether to authorize inquiry into alleged jurors misconduct, the trial court must determine exactly what type of information will be elicited from the jurors, because
Florida's Evidence Code, like that of many other jurisdictions, absolutely forbids any judicial inquiry into emotions, mental processes, or mistaken beliefs of jurors. § 90.607(2)(b), Fla. Stat. Ann. (1987) (Law Revision Council Note-1976). Jurors may not even testify that they misunderstood the applicable law. Id.; Songer v. State, 463 So.2d 229, 231 (Fla.), cert. denied, 472 U.S. 1012, 105 S.Ct. 2713, 86 L.Ed.2d 728 (1985). This rule rests on a fundamental policy that litigation will be extended needlessly if the motives of jurors are subject to challenge. Branch v. State, 212 So.2d 29, 32 (Fla. 2nd DCA 1968). The rule also rests on a policy "of preventing litigants or the public from invading the privacy of the jury room." Velsor v. Allstate Ins. Co., 329 So.2d 391, 393 (Fla. 2nd DCA), cert. dismissed, 336 So.2d 1179 (Fla. 1976).
However, jurors are allowed to testify about "overt acts which might have prejudicially affected the jury in reaching their own verdict." § 90.607(2)(b), Fla. Stat. Ann. (1987) (Law Revision Council) (Note-1976) (emphasis added). See Maler ex rel. Maler v. Baptist Hosp., 559 So.2d 1157, 1162 (Fla. 3d DCA 1989) (discussing application of this principle). quoting [State v.] Hamilton, 574 So.2d 124 at 128 *488 [(Fla. 1991)] (emphasis in original; footnote omitted).
Succinctly stated, the court in Maler held "to the extent an inquiry will elicit information about overt prejudicial acts, it is permissible; to the extent an inquiry will elicit information about subjective impressions and opinions of jurors, it may not be allowed." Id.
Applying these principles to the facts of this case, the trial court correctly limited the scope of the inquiry to non-record information received by the jury. Carcasses' allegation that juror Ruiz decided to rule against her because he sympathized with the doctor and did not want to ruin his reputation clearly fits within the category of prohibited inquiry into the emotions and mental processes of the jurors. See Rabun & Partners, Inc., v. Ashoka Enterprises, Inc., 604 So.2d 1284 (Fla. 5th DCA 1992).
We have carefully considered appellant's other issues and conclude that they have no merit. Accordingly, we affirm the order denying a new trial.
Affirmed.