762 So.2d 996 (2000)
STATE of Florida, Appellant,
v.
Levon GOLDWIRE, Appellee.
No. 5D99-2490.
District Court of Appeal of Florida, Fifth District.
June 30, 2000.
Robert A. Butterworth, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellant.
Richard J. D'Amico, Daytona Beach, for Appellee.
SAWAYA, J.
The State appeals an order granting a new trial to Levon Goldwire. We find that *997 the trial court abused its discretion and reverse.
Goldwire was convicted of armed robbery with a weapon. The evidence the jury heard was extensive as to Goldwire's guilt. Several eyewitnesses saw Goldwire enter a Wal-Mart store and leave with several cartons of cigarettes without paying for them. Goldwire was approached by a loss prevention officer employed by the store as he was heading toward the parking lot. When the loss prevention officer asked Goldwire if he had a receipt for the cigarettes, Goldwire pulled out a pocket knife and attempted to stab the officer. Fortunately, he failed in this effort and he was pursued by that officer and another loss prevention officer as Goldwire attempted to escape. The first officer again caught up with Goldwire, who made another attempt to stab him with the knife. Goldwire continued his escape and was eventually apprehended by the police.
A videotape of Goldwire exiting the store followed by several Wal-Mart employees was introduced by the prosecutor at the trial and shown to the jury. The tape was introduced into evidence without objection from the defense. Written on the label of original tape were the words "video attempted murder suspect." The prosecutor offered the original tape to the defense counsel to view before he introduced it, but the defense attorney declined. Furthermore, after the jury retired to deliberate, the trial judge asked the attorneys if they wanted to view the evidence before it was sent back to the jury room, and they declined. The transcripts of the hearing conducted by the trial judge reveal that the defense attorney was given a copy of the tape and may not have viewed the original tape that was introduced into evidence because his copy did not have the objectionable writing on its label. Thus, he may have assumed that it was an exact duplicate of the original. In any event, the tape was introduced into evidence without objection and was passed around to the jurors during the trial. It was subsequently sent back to the jury room with the rest of the evidence when the jury retired to deliberate.
A day after the guilty verdict was rendered, one of the jurors called the defense attorney and complained that she was not happy with the verdict. She maintained that she was confused by the jury instructions, and she claimed to have heard two other jurors discuss the case and reach a decision before the trial was over. She also remembered seeing the label on the videotape and that it influenced her verdict. Over the State's objection, the trial judge conducted a hearing on the juror's allegations. None of the other jurors, including the alternate juror, corroborated her allegations. They each denied that they noticed the objectionable label and further denied that anyone spoke about the case or reached a decision until deliberations began. With the exception of the wording on the label, the trial judge found that none of the other allegations were established. However, the trial court concluded that the issue of the wording on the label had merit and ordered a new trial based on his finding that the label influenced the vote of the complaining juror.
The issue presented in this case is whether the trial court erred in conducting the jury interview and in basing his decision to grant a new trial on findings made from that hearing. Trial courts do have wide discretion in ruling on motions for a new trial, but when that discretion is abused, reversal is warranted. See State v. Hamilton, 574 So.2d 124 (Fla.1991).
The State is correct that it was error for the trial judge to conduct the jury interview on the issue of the videotape label. Florida courts recognize the very "strong public policy against going behind a jury verdict to determine if juror misconduct has occurred," Powell v. Allstate Insurance Co., 652 So.2d 354, 356 (Fla.1995), and the courts have adopted a general rule which "forbids any judicial inquiry into the emotions, mental processes or mistaken beliefs of jurors." State v. Devoney, 675 So.2d 155, 156 (Fla. 5th DCA 1996) ("Devoney I"), approved, 717 So.2d 501 (Fla. *998 1998). Therefore, the courts have strictly limited the situations where interviews of jurors are allowed. See Devoney v. State, 717 So.2d 501 (Fla.1998) ("Devoney II").
In Devoney II, the supreme court held that a juror may not be asked about any matter that "inheres in the verdict." Id. at 502 (quoting section 90.607(2)(b), Florida Statutes (1993)). The court explained that "matters that inhere in the verdict are subjective in nature, whereas matters that are extrinsic to the verdict are objective." Id. at 502. This court in Devoney I gave numerous examples of cases involving matters which do not inhere in the verdict and may be the subject of inquiry. See, e.g., Carcasses v. Julien, 616 So.2d 486 (Fla. 3d DCA 1993) (allegation that a juror received information from outside the courtroom); Sentinel Communications Co. v. Watson, 615 So.2d 768 (Fla. 5th DCA 1993) (allegation that juror read newspapers contrary to court orders and jurors lied about knowledge of incident outside courtroom); International Union of Operating Eng'rs, Local 675 v. Kinder, 573 So.2d 385 (Fla. 4th DCA 1991) (courthouse custodian exhorted jurors to give a large award to plaintiff); Bickel v. State Farm Mut. Auto. Ins. Co., 557 So.2d 674 (Fla. 2d DCA 1990) (allegation juror performed independent experiment on his own and related results to the other jurors).
The supreme court in Devoney II distinguished matters outside the trial process that infect the jury deliberations from matters internal to and inherent in the trial process. The court ruled in that case that discussions by jurors about a matter they heard during the course of the trial but were instructed to disregard by the trial judge are inherent in the trial process and may not be the subject of inquiry. Similarly, in the instant case the label on the videotape was introduced into evidence and received by the jury during the process of the trial. Therefore, it is a matter that inheres in the verdict and should not have been inquired into by the trial judge.
Moreover, the trial court should not have entertained a motion for new trial based on the label absent an objection. See State v. Benton, 662 So.2d 1364 (Fla. 3d DCA 1995) (reversing grant of new trial where defendant did not request curative instruction or mistrial); cf. Jenkins v. State, 732 So.2d 1185, 1187 (Fla. 4th DCA 1999) ("If appellant knew of conduct potentially affecting the jury, but failed to timely bring it to the trial court's attention, the incident may not be raised as a ground for new trial or for a jury interview."). Admission of the videotape with the challenged label does not constitute fundamental error which can be raised absent an objection during trial. See Rodriguez v. State, 664 So.2d 1077 (Fla. 3d DCA 1995). This alleged error does not "`reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" State v. Delva, 575 So.2d 643, 644-45 (Fla.1991) (quoting Brown v. State, 124 So.2d 481, 484 (Fla. 1960)). Accordingly, we reverse the grant of a new trial and remand for adjudication and sentencing.
REVERSED and REMANDED.
THOMPSON, C.J., and COBB, J., concur.