356 So.2d 38 (1978)
Frieda EDELSTEIN and William Edelstein, Her Husband, Appellants,
v.
Harry ROSKIN and Federal Insurance Company, Appellees.
No. 77-161.
District Court of Appeal of Florida, Third District.
March 7, 1978.
Rehearing Denied April 7, 1978.
Grover, Ciment, Weinstein & Stauber, Miami Beach, for appellants.
Walton, Lantaff, Schroeder & Carson and George W. Chesrow, Miami, for appellees.
Before PEARSON, HUBBART and KEHOE, JJ.
PEARSON, Judge.
The controlling question on this appeal is whether the trial judge committed reversible error when he failed to answer a question presented to him by the jury during its deliberation.
This case involves an automobile accident which occurred at the intersection of Northeast 19th Avenue and Northeast 185th Street, North Miami Beach, Florida, when an automobile being driven by plaintiff-appellant, Frieda Edelstein, collided with an automobile being operated by defendant-appellee, Harry Roskin. As a result of the accident, plaintiff Frieda Edelstein filed a personal injury action against Harry Roskin, his insurer, Federal Insurance Company, Inc., and the owner of the car, H. Roskin Motor Service, Inc. The case was tried before a jury.
During the voir dire, plaintiffs' attorney asked the jurors whether any of them lived near the intersection where the accident occurred or whether any of the jurors were familiar with the intersection. One of the jurors, Mr. Stone, stated that he was familiar with the intersection and that he lived eight miles west of it. Plaintiff then asked the jurors whether anybody else was familiar with the intersection. The rest of the jurors said no. No further questions were asked by plaintiffs' counsel concerning the juror's familiarity with the intersection, but plaintiff's counsel did ask whether all of the members of the jury would abide by the court's instruction to decide the case upon the evidence presented. Counsel did not use any of his peremptory challenges, nor was Mr. Stone challenged for cause.
During their deliberations, the jury requested the court to answer a question, as follows:

*39 "... if a juror is familiar with the intersection in question, can he tell other jurors his views with respect to the visibility and structures at the intersection?"
In reply to the question, the court instructed the jury:
"I'm going to answer that question in this way. This accident took place in the complaint, February 24th, 1973.
"I have previously charged this jury with the facts that you as a jury shall consider all of the evidence in the light of all of the evidence, and in light of your experience and common sense, your own experience and common sense.
"If you as a jury should become a deadlocked jury, I would read you this charge.
"Members of the jury, it is your duty to agree upon a verdict, if you can do so without violating conscientiously held convictions that are based on the evidence.
"No juror, from mere pride of opinion hastily formed or expressed, should refuse to agree.
"Yet, no juror, simply for the purpose of terminating the case, should acquiesce in a conclusion that is contrary to his own conscientiously held view of the evidence.
"You should listen to each other's views, talk over your differences of opinion in a spirit of fairness and candor, and if possible, resolve your differences and come to a common conclusion, so that a verdict may be reached and this case may be disposed of.
"If that satisfies your question, you can be excused."
The jury rendered its verdict finding that there was no negligence on the part of the defendant.
Plaintiffs filed a motion to interview jurors and a motion for new trial, which were denied. This appeal followed.
There is no doubt that in evaluating the evidence, the jury should confine its considerations to the facts in evidence as weighed and interpreted in the light of common knowledge. Jurors must not act on special or independent facts which were not received in evidence. Russ v. State, 95 So.2d 594 (Fla. 1957). It is equally true that it is not necessary for a juror to have no knowledge other than that which he receives in the courtroom. See Marshall v. State, 54 Fla. 66, 44 So. 742 (1907). Cf. Florida Standard Jury Instructions No. 2.2.
The question asked of the trial judge in this case was not whether the juror who had a certain familiarity with the scene of the accident would be required to disabuse his mind of all such knowledge. The question particularly asked was whether a juror might become a witness in the jury room. It was the duty of the trial judge to answer this question in the negative and, in so doing, he could properly have reread the Florida Standard Jury Instruction No. 2.2, above referred to.
Reversed and remanded with directions to grant the plaintiffs' motion for a new trial.