442 So.2d 371 (1983)
ALBERTSONS, INC., Tampa Coca-Cola Bottling Company, St. Petersburg Coca-Cola Bottling Company, and Florida Coca-Cola Bottling Company, Appellants,
v.
LaTonya R. JOHNSON, Appellee.
No. 83-199.
District Court of Appeal of Florida, Second District.
December 9, 1983.
Terry A. Smiljanich and Stephen C. Chumbris of Greene, Mann, Rowe, Stanton, Mastry & Burton, St. Petersburg, for appellants.
J.L. "Skip" Miller and Richard C. Stoneman, St. Petersburg, for appellee.
SCHEB, Judge.
A jury awarded the plaintiff, LaTonya R. Johnson, a substantial verdict in her suit against the defendants. On this appeal we address the defendants' contention that the trial court erred in denying their motion to interview the jurors after the verdict was rendered.
The plaintiff suffered injuries as a result of drinking Coca-Cola from a bottle which contained particles of glass. She sued the defendants (manufacturer, bottler and distributor) on theories of implied warranty and strict liability. The jury awarded her $86,000 in damages. The defendants argue three points on this appeal; however, the only one that merits discussion is the point concerning their request to interview the jurors.
After the jury was discharged, the foreman engaged in a casual social conversation with an attorney friend. During the conversation the foreman mentioned that the jury had arrived at its verdict in a manner the attorney perceived to be a quotient method and had then added a forty percent attorney's fee to make the plaintiff whole. At the time neither apparently knew of the other's relationship to the participants in the case now before us. As it turned out, the foreman's friend was a law partner of counsel for the defendants.
Defendants' attorney subsequently learned of this conversation and, pursuant *372 to Florida Rule of Civil Procedure 1.431(g), filed a motion to interview the foreman and another juror to verify the information. At the hearing on defendants' motion, counsel related to the court how the information about a possible quotient verdict reached him. After hearing arguments the trial judge stated:
I am not inclined to allow the interview or interrogatory of a verdict to a jury after a trial unless I feel that the verdict did not simply speak the truth as far as damages were concerned... . As I say, the verdict in this case is certainly far, far less than what was requested.
At that point defendants' counsel offered to furnish affidavits to establish the truth of the information he had relayed if the court felt it necessary. The trial judge declined the offer stating, "I am not ruling on that basis... . Since you are here as an officer of the Court, I will accept that with the same exact strength as I would an affidavit on that effect."
Florida Rule of Civil Procedure 1.431(g) provides:
If a party believes that grounds for legal challenge to a verdict exists, he may move for an order permitting an interview of a juror or jurors to determine whether the verdict is subject to the challenge. The motion shall be served within ten days after rendition of the verdict unless good cause is shown for the failure to make the motion within that time. The motion shall state the name and address of each juror to be interviewed and the grounds for challenge that the party believes may exist. After notice and hearing, the trial judge shall enter an order denying the motion or permitting the interview. If the interview is permitted, the court may prescribe the place, manner, conditions, and scope of the interview.
Before a motion to interview a juror will be granted, there must be a reasonable basis to believe that there are grounds for a legal challenge to the verdict. Murray v. State, 356 So.2d 71 (Fla. 1st DCA 1978); National Indemnity Co. v. Andrews, 354 So.2d 454 (Fla. 2d DCA), cert. denied, 359 So.2d 1210 (Fla. 1978).
Initially, we fault the defendants for failing to set forth their grounds more specifically in their motion and for failing to produce affidavits to support their allegations. We note, however, that the trial judge appeared to be satisfied with the representations by counsel. Nevertheless, the trial judge incorrectly viewed the issue as whether the verdict spoke the truth concerning damages. Rather, it is the method used, and not the amount of the award, that is the evil of a quotient verdict.
A verdict becomes an impermissible quotient verdict where each juror states the amount of damages he or she considers proper, the total is then computed and the sum divided by the number of jurors to determine the amount of the verdict, and the jurors have agreed in advance to be bound by the results of such a procedure. Cromarty v. Ford Motor Co., 341 So.2d 507 (Fla. 1976).
The information alleged by defendants, while not conclusively establishing a quotient verdict, did at least raise a basis for an inquiry. Therefore, the court erred in denying the motion.
We hasten to distinguish this case from our opinion in National Indemnity, which was of some concern to the trial court. There, we recognized the authority of a trial court to order jurors interviewed in a proper case. However, we found that the allegations in the motion seeking an interview were insufficient because they were bottomed on mere conclusory statements based on speculation and surmise that, if interrogated, the jurors might have something to say that would be material to whether or not the court should award a new trial. Most important, there was no suggestion in the record of any misconduct or irregularity on the part of any juror. Here, on the other hand, the record suggested a quotient verdict which is a proper subject of inquiry. Velsor v. Allstate Insurance Co., 329 So.2d 391 (Fla. 2d DCA), cert. dismissed, 336 So.2d 1179 (Fla. 1976).
*373 We have examined each of the other contentions raised by the defendants and find them to be without merit. Thus, we remand with directions to the court to permit an interview in accordance with the procedures outlined in Rule 1.431(g). If the interviews reveal that a quotient verdict was entered, defendants will be entitled to a new trial on the issue of damages. If not, the verdict shall stand.
OTT, C.J., and BOARDMAN, J., concur.