483 So.2d 83 (1986)
Lynda Sharon PREAST, Appellant/Cross-Appellee,
v.
AMICA MUTUAL INSURANCE COMPANY and James D. Orefice, As Personal Representative of the Estate of H. James Orefice, Appellees/Cross-Appellants.
Nos. 84-2807, 85-824.
District Court of Appeal of Florida, Second District.
February 7, 1986.
*84 Stevan T. Northcutt of Levine, Freedman, Hirsch & Levinson, P.A., Tampa and Associates and Bruce L. Scheiner, Fort Myers, for appellant/cross-appellee.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellees/cross-appellants.
RYDER, Chief Judge.
In Case No. 84-2807, Lynda Sharon Preast appeals a nonfinal order which granted the appellees' motion for protective order and motion for leave to interview jurors. In Case No. 85-824, Preast appeals a final order which granted the appellees a new trial. Appellees filed a notice of cross-appeal on the final order. The cases were consolidated for purposes of appeal. We affirm in part and reverse in part.
Preast, the plaintiff at trial, filed a personal injury action against the defendants/appellees, Amica Mutual Insurance Company and James D. Orefice. A jury awarded Preast $60,000.00 for damages. Approximately one week later, the appellees filed a motion for a new trial, asserting that "the jury verdict was determined by lot, by the quotient method or by other improper methods." Appellees also filed a motion for leave to interview the jurors. Appellees supported the motion with an affidavit by Marsha Bailey, an employee of the law firm which represented appellees at trial. The motion alleged that Bailey's brother, Kenneth Gavitt, had been a member of the jury at trial and had discussed the case with Bailey after the verdict. Gavitt allegedly told Bailey that the jurors had agreed to write several figures between $15,000.00 and $60,000.00 on slips of paper and draw one slip in order to determine the amount of damages.
Preast filed a motion "to preclude representation at deposition," alleging that there was a possibility that Bailey and one Vicki Sproat would testify at the evidentiary hearing on appellees' motion. Sproat was the attorney from Bailey's law firm who had represented the appellees at trial. Appellant argued that because of the potential conflict of interest between Bailey and Sproat, as appellees' attorney, the court should preclude appellees' law firm from representing Bailey at her deposition. The appellees then filed a motion for protective order to strike the notice of the taking of Bailey's and Sproat's depositions. The court denied appellant's motion to preclude representation at deposition and granted appellees' motion for protective order.
The court later issued another order which granted appellees' motion for leave to interview jurors, and stated that the parties may prepare questions for the jurors and submit them to the court for review. The court denied the appellant's motion to stay proceedings to allow appellate review of the order. The appellant filed a notice of appeal on this order (Case No. 84-2807).
Appellant proposed seventeen questions for the jurors including: whether they felt appellant was entitled to an award of monetary damages; whether they had had a full opportunity to express their views; whether they had unanimously agreed; whether any member of the jury forced them to render the $60,000.00 jury verdict; whether they had a right to dissent as to any figure they believed was not consistent with the evidence; and whether the answer in question in open court that the verdict was $60,000.00 was truthful.
*85 During the jury interview, the trial judge questioned five of the six jurors. During the questioning, various jurors testified that they had based the amount of damages awarded by lot and that the $60,000.00 was the highest figure advocated by any juror. Because the jurors could not reach an agreement, they had agreed to be bound by the results before drawing of lots. While explaining the process by which they had determined the amount of damages, the jurors revealed that they had all agreed that appellant had not suffered permanent injuries. One juror stated that the panel felt they had to award appellant something. Another stated that they recognized that they could not award appellant any damages unless they affirmatively answered the question on the verdict form regarding the existence of permanent injury. One juror said the wording on the form was "what got us." Another juror stated that they felt that appellant was entitled to something, but not a large amount.
At the time the jurors volunteered this information, the court was attempting to ascertain whether the jury had arrived at their verdict by lot. Before the third juror was questioned, appellant had asked the court to inquire as to whether the affirmative answer to the permanent injury question was picked "out of a bowl or some other device or whether that was her answer." Based on this request, the court inquired into the matter. Appellant did not object to or comment upon the substance of the court's inquiry or the jurors' answers. After lengthy juror questioning, appellant objected to the failure of the court to ask any of her proposed questions, and to the court's inquiring into whether the appellee Orefice had been negligent.
Subsequently, the court entered an order granting a new trial on damages only. The court specifically found that the amount of damages had been decided by lot and was clearly improper. The court also found the jury had not determined the permanent injury issue by lot or any other unlawful method, that the verdict was not totally unsupported by evidence, and that the issue was a matter which inhered in the verdict itself. The court then ruled that it could not grant a new trial on this issue.
In Case No. 85-824, appellant challenges that portion of the court's order which granted a new trial on the amount of damages. Appellant argues that the court should not have granted the jury interview, that the court improperly questioned the jurors on the permanent injury issue, and that the damages verdict was not improper. Appellees also filed a notice of cross-appeal on this order and argued that the court should have ordered a new trial on both liability and damages.
The decision to allow a jury interview is within the discretion of the trial court. An appellate court will not interfere with that decision absent an abuse of discretion. Schofield v. Carnival Cruise Lines, Inc., 461 So.2d 152, 155 (Fla. 3d DCA 1984), petition for review denied, 472 So.2d 1182 (Fla. 1985). In our case, appellees presented the trial court with a reasonable basis to believe that there were legal grounds to challenge the verdict. Although appellees supported their motion by a hearsay affidavit of a third party, they met the threshold requirements of Florida Rule of Civil Procedure 1.431(g). See Albertson's, Inc. v. Johnson, 442 So.2d 371, 372 (Fla. 2d DCA 1983). Cf. National Indemnity Co. v. Andrews, 354 So.2d 454, 456 (Fla. 2d DCA), cert. denied, 359 So.2d 1210 (Fla. 1978) (movant's conclusory allegations based on pure speculation, surmise, and not supported or corroborated by sworn affidavit, statements of jurors, or third parties). Additionally, we find no error in the court's granting appellees' motion for protective order and denying appellant's motion to preclude representation at deposition.
Appellant admittedly cannot cite any Florida cases which have ruled that a jury's drawing of lots does not invalidate the jury's verdict. In Marks v. State Road Department, 69 So.2d 771, 774 (Fla. 1954), the Florida Supreme Court quoted an Iowa Supreme Court case in which that court *86 stated "it is certainly illegal and reprehensible in a juror ... to resort to lot or the like to determine a verdict, which ought always to be the result of deliberate judgment... ." Wright v. Illinois & Mississippi Telegraph Co., 20 Iowa 195, 210 (Iowa 1866). In the matter sub judice, the jurors' determination of the amount of damages by lot was clearly illegal.
During the juror interviews, the jurors revealed the information that they had decided appellant had not suffered permanent injury, but they wanted to award her something. Appellant's attorney did not object to this information until far into the questioning process. Appellant now argues that the issue of permanent injury was a matter which inhered in the verdict itself.
Examples of matters which inhere in the verdict itself include an allegation that a juror misunderstood instructions, statements or pleadings; that a juror was unduly influenced by fellow jurors; or that a juror was mistaken in his calculations or judgment. Dover Corp. v. Dean, 473 So.2d 710, 711 (Fla. 4th DCA), petition for review denied, 475 So.2d 693 (Fla. 1985) (quoting Marks, 69 So.2d at 774-75). In the case before us, the jurors understood that they could not award damages without finding that appellant had suffered permanent injury. Appellees did not allege that any juror improperly forced the others to find permanent injury, or that any juror made a mistake. The jury had initially decided that the weight of the evidence went against a finding of permanent injury. However, because they wanted to give appellant something, they deliberately agreed among themselves to circumvent the law and find there was permanent injury as a means to that end. Such deliberate, blatant disregard of the court's instructions on the applicable law cannot be sanctioned, neither can it be seen as a matter which inheres in the verdict itself.
A jury's desire and sympathy to award a plaintiff something despite the evidence is clearly a matter outside the record. In Ford v. Nathan, 166 So.2d 185 (Fla. 1st DCA 1964), the appellate court affirmed the trial court's order granting a new trial. The trial court found that the jury had reached its verdict through sympathy or mistake where the jury foreman admitted doubt but said the jury did not want the plaintiff to go without any compensation. Id. at 189. Furthermore, our supreme court has recognized that:
[W]hen [a juror] has done an act entirely independent and outside of his duty and in violation of it and the law, there can be no sound public policy which should prevent a court from hearing the best evidence of which the matter is susceptible ... [If a juror] steps aside from his duty, and does an unlawful act, he is a competent witness to prove such fact, and thereby prevent the sanction of the law from attaching to that which would otherwise be colorably lawful.
Marks, 69 So.2d at 775-76 (quoting Wright, 20 Iowa at 212).
A trial court has a duty to grant a new trial where it determines the verdict is against the weight of evidence and should always do so where the jury has been influenced by considerations outside the record. Hodge v. Jacksonville Terminal Co., 234 So.2d 645, 648, n. 5 (Fla.), cert. denied, 400 U.S. 904, 91 S.Ct. 142, 27 L.Ed.2d 141 (1970) (quoting Cloud v. Fallis, 110 So.2d 669, 673 (Fla. 1959)). (Emphasis added). See also Reynolds v. Towne Management of Florida, Inc., 426 So.2d 1011, 1012 (Fla. 2d DCA 1983).
Because the jury's finding of permanent injury was improper, we reverse and remand for a new trial on the issue of liability. In all other respects, the trial court's orders are affirmed.
Affirmed in part; reversed in part.
DANAHY and FRANK, JJ., concur.