485 So.2d 496 (1986)
William SNOOK, Appellant,
v.
FIRESTONE TIRE & RUBBER COMPANY, Appellee.
No. 85-831.
District Court of Appeal of Florida, Fifth District.
March 27, 1986.
*497 Joseph H. Williams, of Troutman, Parrish, Williams & Blankenship, P.A., Winter Park, for appellant.
William L. Mims, Jr., Orlando, for appellee.
UPCHURCH, Judge.
William Snook appeals from orders denying several of his post-trial motions, including a motion to interview jurors[1] and a motion for new trial.[2] Snook contends that the trial court erred in denying his motion to interview jurors because he sufficiently established that the jury's verdict may have been improperly influenced by considerations outside the record. We agree and reverse.
Snook sued for damages for injuries which he alleged were caused by a defective tire manufactured by appellee, Firestone Tire & Rubber Company. The jury returned a verdict for Firestone upon which final judgment was entered. Snook filed a motion for new trial that was amended with a motion for leave to interview jurors under rule 1.431(g). The amended motion was supported by a sworn affidavit in which a partner of Snook's trial counsel stated that one of the jurors' relatives voluntarily disclosed:
[O]ne of the jurors in the case styled, William Snook vs. Firestone Tire & Rubber Company, in the Circuit Court in and for Orange County, Florida, Case No. CI 82-5048, during the trial of same, went to a tire installation garage and interviewed the personnel there, and questioned the personnel as to whether or not the accident could occur in the manner Plaintiff alleged during his opening statement and closing argument at trial. Said juror observed the installation and changing of a tire; and further, said juror was told by the personnel employed at said place of business that the accident could not have happened in the way the Plaintiff described.
After having obtained this independent investigation during trial, said juror reported to the other jurors in the trial; and this information, imparted by her to the other jurors, was influential in persuading the jurors otherwise advocating the Plaintiff's position, eventually to accede to the Defendant's position, and agree to a verdict for the Defendant.
At a hearing on these motions, the court denied the motion to interview after mentioning a double hearsay problem posed by the anonymous tip and telling Snook's attorney that he was "taking a shot in the dark." The court concluded that the affidavit was inadequate, but suggested that Snook follow up on the matter and file another affidavit.
Snook later filed motions for a rehearing and to vacate the final judgment on grounds of newly discovered evidence.[3] At a second hearing, Snook relied on a letter from the jury forewoman sent directly to the trial judge. The letter stated:
Dear Judge Baker:
Please be advised that on Friday, April 5, 1985, during jury deliberations in the above named matter, a juror stated she visited two automotive repair shops on Thursday evening, April 4, 1985, to inquire about tire mounting procedures. She reported her findings to the jury in a manner adverse to the Plaintiff.
I do not know the juror's name. However, she was a heavyset woman seated in the second row of the jury box, and was accompanied each day by her husband, who observed the trial.
I, as forewoman, regret not advising the Court of this incident on April 5th, and apologize to the Court for my error. I told the juror that her findings were not evidence in the case.
Sincerely,
/s/ Joan Schiemer
Joan Schiemer
Forewoman
*498 The trial court concluded that the issue could not be raised in a 1.540(b) motion and the evidence of juror misconduct was insufficient. Accordingly, the trial court denied the motions and Snook appealed.
The first question presented is whether the trial court had jurisdiction to consider the motions for rehearing or to vacate on grounds of newly discovered evidence. Under rule 1.530, a motion for rehearing shall be served not later than ten days after the date of filing of the order. Since the motion for rehearing was filed on May 15 and the order denying the original motion for a new trial was filed May 1, the court lacked jurisdiction to rehear the matter under rule 1.530. Therefore, the court had jurisdiction only if the forewoman's letter qualifies as newly discovered evidence under rule 1.540(b) or if good cause exists for a jury interview under rule 1.431(g).[4]
The requirements for granting relief from a judgment, decree, order, or proceeding on the grounds of newly discovered evidence are:
(1) that it must appear that the evidence is such as will probably change the result if the new trial is granted;
(2) that it has been discovered since the trial;
(3) that it could not have been discovered before the trial by the exercise of due diligence;
(4) that it is material to the issue[s]; and
(5) that it is not merely cumulative or impeaching.
City of Winter Haven v. Tuttle/White Constructors, Inc., 370 So.2d 829, 831 (Fla. 2d DCA 1979); Dade Nat'l Bank of Miami v. Kay, 131 So.2d 24 (Fla. 3d DCA), rev. denied, 135 So.2d 746 (Fla. 1961).
The first requirement is met in the instant case because the letter from the jury forewoman contains allegations that the jury considered improper evidence and the requested interview would establish if this misconduct affected the outcome of the trial. The remaining factors are met because the letter was discovered after the trial and after the original motion to interview; therefore, it definitely could not have been discovered before trial. The letter is also material to the issue of negligence and it is not merely cumulative because it avoids the hearsay problems contained in the attorney's affidavit. Since the trial court suggested that Snook's attorney follow up on the matter of jury misconduct and the letter, sent directly to the judge, raises a serious question of juror impropriety, we conclude that this issue was properly raised as newly discovered evidence under rule 1.540(b) or as good cause under rule 1.431(g).
The second question presented is whether Snook has provided sufficient grounds to merit an interview of the jurors. Rule 1.431(g) requires that a motion state "the grounds for challenge that the party believes may exist." (emphasis added) An interview of the jurors is proper only in cases involving matters extrinsic to the verdict, such as arrival at the verdict by lot or quotient, improper contact with a juror, or misconduct of a juror, but an investigation of the subjective decision-making process of the jury is not permissible. Kirkland v. Robbins, 385 So.2d 694 (Fla. 5th DCA 1980), rev. denied, 397 So.2d 779 (Fla. 1981); Velsor v. Allstate Insurance Co., 329 So.2d 391 (Fla. 2d DCA), cert. dismissed, 336 So.2d 1179 (Fla. 1976). The rule limiting juror interviews is founded upon a policy of preventing litigants or the public from invading the privacy of the jury room. Sentinel Star v. Edwards, 387 So.2d 367 (Fla. 5th DCA 1980), rev. denied, 399 So.2d 1145 (Fla. 1981).
Contrary to Firestone's arguments, Snook does not have to conclusively *499 establish that the alleged incident occurred and actually prejudiced his case. Albertsons, Inc. v. Johnson, 442 So.2d 371 (Fla. 2d DCA 1983). As noted in Albertsons, it is only necessary to establish a basis for an inquiry. Since rule 1.431(g) gives the court authority to prescribe the place, manner, conditions and scope of the interview, there is no reason that the inquiry should become a "fishing expedition." Snook has supported his motion for an interview with allegations of juror misconduct. A juror is not permitted to become a witness in the jury room by importing his knowledge to other jurors. Houchins v. Florida East Coast Railway, 388 So.2d 1287 (Fla. 3d DCA 1980). In reaching a verdict, jurors must not act on special or independent facts which were not received in evidence. Edelstein v. Roskin, 356 So.2d 38 (Fla. 3d DCA 1978). In this instance, the juror was alleged to have deliberately disregarded the court's instructions not to discuss the case and to base the verdict solely on evidence presented during trial by not only consulting with someone else, but by also reporting to the other jurors that the testimony they had received was inaccurate. Had this happened and been discovered during the trial, it would certainly have justified the court in declaring a mistrial because the effect is that an unsworn and unqualified witness had given opinion testimony as to whether the accident occurred in the manner that Snook had testified.[5]
We conclude that a sufficient basis for the motion to interview was alleged and the court should have permitted the inquiry. We remand with directions to the court to permit an interview in accordance with the procedures outlined in rule 1.431(g). If the interview reveals jury misconduct which affected the verdict, then a new trial will be necessary; if not, the verdict shall stand.
REVERSED and REMANDED.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] Fla.R.Civ.P. 1.431(g).
[2] Fla.R.Civ.P. 1.530.
[3] Fla.R.Civ.P. 1.540(b).
[4] Florida Rule of Civil Procedure 1.431(g) requires a motion to interview be filed within ten days of the verdict unless good cause is shown for failure to comply.
[5] Under Florida's Evidence Code, unsworn witnesses and members of the jury sitting on a case are not competent to testify during trial. §§ 90.605, and 90.607, Fla. Stat. (1985). See Houck v. State, 421 So.2d 1113 (Fla. 1st DCA 1982).