HALL, Judge.
Petitioner, State of Florida, Department of Transportation, seeks a writ of certiorari to review the trial court’s order granting respondent’s motion for jury interview. The trial court granted the motion based upon the testimony of one juror which respondent alleged showed that the jury, in rendering its verdict, relied on extrinsic matters.
It is the contention of the petitioner that an interview would be improper as the testimony of the juror did not show that the jury relied on extrinsic matters and that any further interview would necessarily involve inquiry into the individual thought processes, calculations, or judgments of the jurors. We agree and grant the petition.
Petitioner filed a complaint seeking to acquire through condemnation real property owned by respondent, Fortune Federal Savings and Loan Association. At the conclusion of the trial and after the jury was discharged, counsel for respondent over *961 heard part of a conversation initiated by one of the jurors with petitioner’s counsel.
Subsequently, respondent filed a motion to interview the jurors pursuant to Florida Rule of Civil Procedure 1.431(g), which allows a party to move for an order permitting an interview of jurors where that party believes the verdict may be subject to legal challenge. In the motion, respondent alleged that “the jury speculated that an alternative route of the jury’s own choosing would be feasible and relied upon that speculation for entry of the verdict.” The trial court granted the motion for the limited purpose of permitting respondent to depose the juror involved in the conversation with petitioner’s counsel.
At the deposition, the juror testified that the jury had not relied on an alternative of their own choosing and had, in fact, based their verdict solely on the fact that the alternate route proposed by the petitioner was workable, if not better, than the one already in existence. Respondent then filed a motion to interview the entire jury, which was granted by the trial court.
The record before us reveals no misconduct or irregularity on the part of any juror. The deposed juror testified that the jury based its decision on the facts and testimony presented at trial and consistently denied that the verdict was based on extrinsic matters. There is no basis for any further examination of the jurors as it would involve inquiring into each juror’s thought processes and motives. This is an area of judgment which must remain inviolate. Cummings v. Sine, 404 So.2d 147 (Fla. 2d DCA 1981).
An interview of jurors is proper only in cases involving matters extrinsic to the verdict, such as arrival at the verdict by lot or quotient, improper contact with a juror, or misconduct of a juror, but an investigation of the subjective decision-making process of the jury is not permissible. Snook v. Firestone Tire & Rubber Co., 485 So.2d 496 (Fla. 5th DCA 1986); Velsor v. Allstate Insurance Co., 329 So.2d 391 (Fla. 2d DCA 1976), cert. dismissed, 336 So.2d 1179 (Fla. 1976). Therefore, it was improper for the court to have granted respondent’s motion.
Accordingly, we grant certiorari and vacate the order allowing the jurors to be interviewed.
SCHOONOVER, A.C.J., and FRANK, J., concur.