582 So.2d 683 (1991)
Terry PHARES, a/k/a Terry Odum, Petitioner,
v.
Margaret Ann FROEHLICH, As Personal Representative of the Estate of Joseph Metzendorf, and Margaret Ann Froehlich, As Personal Representative of the Estate of Ethel E. Metzendorf, Respondent.
No. 91-00753.
District Court of Appeal of Florida, Second District.
June 21, 1991.
*684 Karen J. Haas of Law Offices of Karen J. Haas, and John F. Eversole, III of Spence, Payne, Masington, Needle & Eversole, P.A., Miami, for petitioner.
L. Floyd Price of Price, Price & Prouty, Chartered, Bradenton, for respondent.
PER CURIAM.
Terry Phares, the plaintiff in this personal injury action, petitions this court for a writ of certiorari to quash the trial court's order permitting a postverdict jury interview. We grant certiorari to prohibit the invasion of the sanctity of jury deliberations.
Terry Phares received a jury verdict in the amount of $358,000.00, for injuries she suffered in a car accident. When the jury was polled, each juror acknowledged the verdict was his or her own. The court entered judgment on the verdict and reserved jurisdiction for awarding costs and attorneys' fees.
After the jury was discharged, someone discovered a piece of paper in the jury room. On the paper, the jury foreman had written the following question which the jury submitted to the court during deliberations: "Can we have the amount of the lawyers fee for Terry Phares." The court wrote on the same piece of paper the following instruction: "You must base your verdict only upon the evidence submitted, without regard to any matter not in evidence." Near the end of the paper appeared a handwritten calculation  32 X 2500 = 80,000.
Eight days after the verdict was returned, counsel for the defendants served a motion to interview the jury pursuant to Florida Rule of Civil Procedure 1.431. Counsel attached a copy of the paper found in the jury room to the motion and alleged that the paper clearly indicated the jury inappropriately included an $80,000.00 attorneys' fee in their damage verdict. The motion further alleged that he had been advised by a member of the jury that an attorneys' fee in the amount of $80,000.00 was included in the verdict. No affidavits or sworn statements accompanied the motion.
At the hearing on the motion, counsel for the defendants stated he was "an officer of the court" and that the jury foreman told him the jury added $80,000.00 for the plaintiff's attorneys' fee "because they thought she was going to have to pay them."[1] Counsel argued that the jury calculated a 32% fee based on an award of $250,000.00,[2] and then added stipulated special damages of $27,000.00 to arrive at 357,500.00, which they rounded off to $358,000.00.
The defense did not allege or argue the jury arrived at its verdict by lot or quotient, the jury misunderstood the instruction *685 regarding matters not in evidence, or any juror misconduct. Rather, the defense argued that the jury blatantly disregarded the instruction by agreeing not to follow the law, considered matters not in evidence, and relied on those matters in arriving at their damage verdict. Plaintiff argued that the allegations of the motion are insufficient and uncorroborated by any affidavits.
The trial court granted a limited interview but recognized the jury may not be interviewed with respect to matters which inhere in the verdict, such as their thought processes or calculations. In support of its ruling, the court quoted from this court's decision in Preast v. Amica Insurance Co., 483 So.2d 83, 86 (Fla. 2d DCA), rev. denied, 492 So.2d 1334 (Fla. 1986), that a blatant disregard of the court's instructions cannot be sanctioned. After this certiorari proceeding was instituted, the supreme court disapproved Preast except as to the result that a jury verdict arrived at by lot is illegal. Baptist Hospital of Miami, Inc. v. Maler, 579 So.2d 97 (Fla. 1991).
On the authority of Maler and State v. Hamilton, 574 So.2d 124 (Fla. 1991), we find that the allegations of the motion failed to state a legally sufficient reason to interview the jury. The motion itself is fatal because as required by Maler and Hamilton, no accompanying affidavit or sworn statement averred that the jury reached its verdict by lot or quotient, by an agreement to disregard the instructions of the court or by any actual juror misconduct. The allegations establish only in the opinion of one juror that, perhaps out of sympathy or their misunderstanding of the instruction, the jury may have wanted the plaintiff to receive enough money to pay her fees. As such, the factual allegations of the motion relate to the thoughts, opinions and impressions of the jurors about why they reached their verdict. Because the subject matter of the requested inquiry concerns matters which inhere in the verdict, the allegations cannot form the basis for any inquiry of the jury.
We grant the petition for writ of certiorari and quash the order granting a jury interview.
LEHAN, A.C.J., and PARKER and PATTERSON, JJ., concur.
NOTES
[1] Apparently counsel for defendants telephoned the jury foreman after the first contact initiated by the juror. We do not condone such action; however, our decision is not founded on the alleged conduct of counsel. Rule 4-3.5 of the Rules Regulating the Florida Bar specifically requires that an attorney provide reasonable, written notice of the intent to interview a juror before conducting the interview.
[2] Nothing in the record indicates why the jury would have started with or been limited by the $250,000.00 amount.