585 So.2d 1182 (1991)
ORANGE COUNTY, Florida, Etc., Petitioner,
v.
William E. PIPER, Etc., Respondent.
No. 91-1473.
District Court of Appeal of Florida, Fifth District.
September 19, 1991.
Steven F. Lengauer, of Eubanks, Hilyard, Rumbley, Meier & Lengauer, P.A., Orlando, for petitioner.
William W. Fernandez, of William W. Fernandez, Orlando, for respondent.
W. SHARP, Judge.
Orange County, the defendant in a personal injury action, petitions this court for a writ of certiorari to quash the trial court's order granting the plaintiff's request for a post verdict jury interview. Because the subject matter of the requested inquiry concerns matters which inhere in the verdict, we grant certiorari to prohibit invasion of the sanctity of jury deliberations.
The Estate of William E. Piper sued Orange County for damages caused when Mr. *1183 Piper fell into the hopper at the Porter Transfer Station in Orange County, Florida. At the conclusion of trial, the jury returned a verdict finding 81% negligence on the part of the decedent, 19% negligence on the part of Orange County, and total damages of $100,000. Plaintiff filed post trial motions for additur, for new trial, and to interview jurors.
In the motion to interview jurors, plaintiff alleged the $100,000 verdict was inadequate in light of various factors: the evidence adduced at trial; the amount requested from the jury ($1,000,000); the fact that the amount of damages found by the jury was the same as the maximum amount recoverable against a governmental entity under Florida law; and the jury's determination that Mr. Piper was eighty-one percent responsible for his own damages. The plaintiff sought to interview one named juror, Wanda Knight. The grounds for interviewing Knight were set forth in plaintiff's motion for new trial.
The motion for new trial argued that the inadequate award of $100,000 "suggests an illegal compromise quotient verdict." In addition, plaintiff generally alleged that the jury failed to follow the court's instructions, or failed to render a verdict consistent with the facts. In support of the motions for new trial and to interview the juror, plaintiff's counsel executed an affidavit, quoted in part below:
2. On the final day of the Trial after rendition of the jury verdict, as I was getting on the elevator to leave the Courthouse, three of the jurors were also departing. We waited for the elevator to arrive and rode down together.
3. During this period of time one of the jurors, WANDA G. KNIGHT, approached me and spoke to me. She appeared agitated and upset and indicated that she was the juror who was the one responsible for the finding in favor of the Plaintiff with a favorable jury verdict. She indicated that the jury had made a compromise verdict as they could apparently not reach 100% agreement one way or the other.
4. This juror indicated that the jury deliberations involved discussions of matters that were not introduced into evidence (insurance and other matters).
5. On the elevator ride down to the ground floor the three jurors on the elevator exchanged comments about their deliberations and the final jury verdict.
The trial court entered an order providing for a post trial interview of all jurors and deferred ruling on the motions for additur and for new trial.
Even if true, the sworn factual allegations in the affidavit fail to warrant a post verdict jury interview. Baptist Hospital of Miami, Inc. v. Maler, 579 So.2d 97 (Fla. 1991); State v. Hamilton, 574 So.2d 124 (Fla. 1991). The factual matters alleged do nothing more than proffer the opinion of a juror about the reasons the jury arrived at its verdict. There is no allegation that an actual, express agreement was reached by the jurors to disregard their oaths and ignore the law or the court's instructions, or that they considered evidence outside the record. There is no allegation that the verdict was determined by aggregation and average, by lot, game or chance or other artifice or other improper manner.
The matters raised in plaintiff's motions and affidavit merely indicates one juror's frustration over the verdict. Counsel's desire to explore the subjective thoughts, impressions and opinions of the jurors, as to how they arrived at their verdict is not permitted. Such a fishing expedition invades the sanctity of the verdict-forming process itself. For well-established policy reasons, this is not permitted.
Because the subject matter of the requested inquiry concerns matters which inhere in the verdict, we grant the petition for writ of certiorari and quash the order granting a jury interview. This cause is remanded for further proceedings consistent with this opinion.
Petition for Writ of Certiorari GRANTED.
GOSHORN, C.J., and COBB, J., concur.