604 So.2d 1284 (1992)
RABUN AND PARTNERS, Inc., Petitioner,
v.
ASHOKA ENTERPRISES, Inc., Respondent.
No. 92-1373.
District Court of Appeal of Florida, Fifth District.
September 11, 1992.
*1285 Denise G. Morris and Eric R. Martuza of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for petitioner.
Vincent G. Torpy, Jr., Melbourne, for respondent.
PETERSON, Judge.
Rabun and Partners, Inc. (Rabun), seeks certiorari review and quashal of a circuit court order obtained by Ashoka Enterprises, Inc. (Ashoka), granting a motion to interview juror Tamim Hamid. We grant the petition and quash the order.
Rabun initiated an action to collect fees for architectural services provided to Ashoka for the design of the Melbourne Beach Hilton Hotel. Ashoka counterclaimed for damages for construction defects and delays allegedly caused by Rabun's errors and omissions. The case was tried before a jury between October 29, 1991, and November 4, 1991. After deliberating for nearly seven hours, the jury returned a verdict for Rabun in the amount of $87,949 and for Ashoka on the counterclaim in the amount of $19,950 representing interest on the latter's construction loan for Rabun's delays. During their deliberation, the jury posed the following questions to the court:
1. The jury requests the use of a calculator. Thank you for this consideration.
2. Does the last paragraph of this document make the contents legally binding between Dr. Patel and L.W. Thompson wherein Dr. Patel states ... "if anything went wrong with the mechanical system, the Owner would look to L.W. Thompson for correction."
3. Please describe exact location of crack in marble entry and please include proximity to tower. How far from wall joining the low and high rises?
On January 30, 1992, Ashoka filed a motion in the circuit court to interview juror Hamid. The motion was supported by an affidavit of Ashoka Patel, Ashoka's corporate president. Patel averred that he had spoken with juror Hamid on the phone on four or five occasions and that the juror had stated that he was dissatisfied with the verdict, that the other jurors had refused to look at the documentary evidence, claiming that it was irrelevant, that the other jurors were not interested in Ashoka's arguments, and that the other jurors were prepared to rule against Ashoka because its president was a rich doctor and did not need the money. The motion was granted with the proviso that an evidentiary hearing would be scheduled and that either party could subpoena the jurors.
Rule 1.431(h), Florida Rules of Civil Procedure, provides, "If a party believes that grounds for legal challenge to a verdict exists, he may move for an order permitting an interview of a juror or jurors... ." However, in Baptist Hospital of Miami, Inc. v. Maler, 579 So.2d 97 (Fla. 1991), the supreme court acknowledged the existence of strong public policy against allowing litigants either to harass jurors or to upset a verdict by attempting to ascertain some improper motive underlying it unless the moving party has made sworn factual allegations that, if true, would require a trial court to order a new trial. See also Schmitz v. S.A.B.T.C. Townhouse Ass'n, Inc., 537 So.2d 130 (Fla. 5th DCA 1988). In Baptist Hospital of Miami, two jurors indicated to the defendant hospital's lawyers that, although the defendant hospital should have won, a verdict was rendered against the hospital as a result of sympathy for the child plaintiff in the medical malpractice action and an assumption that the child was injured. The district court's quashal of the trial court's allowance of a juror interview was affirmed. The supreme court held, "To the extent an inquiry will elicit information about overt prejudicial acts, it is permissible; to the extent an inquiry will elicit information about subjective impressions and opinions of jurors, it *1286 may not be allowed." 579 So.2d at 99. However, any process by which the jurors agree to disregard the law applicable to the case was disapproved.
Any actual, express agreement between two or more jurors to disregard their oaths and instructions constitutes neither subjective impression nor opinion, but an overt act. It thus is subject to judicial inquiry even though that inquiry may not be expanded to ask what impressions or opinions motivated jurors to enter into the agreement in the first instance.
579 So.2d at 100.
In Orange County v. Piper, 585 So.2d 1182 (Fla. 5th DCA 1991), a juror stated that the verdict was a compromise and that the deliberations involved discussions of matters not introduced into evidence, such as insurance. The record revealed no allegation that an actual, express agreement was reached by the jurors to disregard their oaths and ignore the law or instructions. This court found that, even if true, the facts alleged failed to warrant a post-verdict interview because the juror's statements were nothing more than that juror's opinion about the reasons the jury arrived at its verdict.
An overt act justifying juror interview was present in Snook v. Firestone Tire & Rubber Company, 485 So.2d 496 (Fla. 5th DCA 1986), when it was alleged that a juror had consulted with outside experts regarding the case in deliberate disregard of the court's instructions and had reported her finding to the remainder of the jury. In Preast v. Amica Mutual Insurance Company, 483 So.2d 83 (Fla. 2d DCA), review denied, 492 So.2d 1334 (Fla. 1986), the evidence indicated that the jurors actually agreed to disregard their oath and instructions when they determined that there was no permanent injury proven, but nevertheless awarded damages, determining the amount by lot and deliberately agreeing to circumvent the law. The court held: "Such deliberate, blatant disregard of the court's instructions on the applicable law cannot be sanctioned, neither can it be seen as a matter which inheres in the verdict itself." Preast, 483 So.2d at 86.
In the instant case, Patel's allegation that the jury decided to rule against Ashoka because he was a rich doctor and did not need the money clearly fits within the category of prohibited inquiry into the emotions and mental processes of the jurors, matters which essentially inhere within the jury verdict. These matters are similar to those in Baptist Hospital of Miami involving jury sympathy for an injured child where the supreme court determined that interviews were not permissible. Further, Patel's affidavit falls far short of alleging that the jury expressly agreed to ignore the evidence in the case and refused to look at documentary evidence. Also, the record is not consistent with these allegations. During the seven hours of deliberation, the jury asked questions regarding the evidence and answered the four pages of questions included in the verdict form, including making a finding that Rabun delayed the project and the number of days the project was delayed, and calculating the dollars awarded to Ashoka for the delay.
We grant the petition for a writ of certiorari and quash the circuit court's Order Granting Motion to Interview Juror.
Certiorari GRANTED; order QUASHED.
W. SHARP and GRIFFIN, JJ., concur.