610 So.2d 680 (1992)
TRAVELERS INSURANCE COMPANY, Petitioner,
v.
Bethanie Dianne JACKSON, Respondent.
No. 92-2189.
District Court of Appeal of Florida, Fifth District.
December 18, 1992.
Mitchell J. Frank of Frank and Brightman, Orlando, for petitioner.
Mark V. Morsch of Parrish & Bailey, P.A., Orlando, for respondent.

PETITION FOR WRIT OF CERTIORARI
PER CURIAM.
After a jury trial in a personal injury motor vehicle accident case resulting in a verdict in favor of the defendant insurance company, a juror informed one of plaintiff's counsel that while the plaintiff was testifying, a defendant's counsel (who was not petitioner's appellate counsel) had looked toward the jury box and mouthed (lip-synched) the word "liar" several times. The plaintiff filed a motion to interview the jurors. The trial judge granted the motion. The defendant insurance company seeks by writ of certiorari for this court to quash the order granting a jury interview. We grant the petition and quash the order.
While a trial court's ruling on a post-trial motion to interview jurors is discretionary,[1] a party must establish adequate *681 legal grounds for a challenge to the jury.[2]
In Baptist Hospital of Miami, Inc. v. Maler, 579 So.2d 97 (Fla. 1991), the court held that a jury inquiry is never proper absent "sworn factual allegations that, if true, would require a trial court to order a new trial using the standard adopted in Hamilton.[3]" (footnote in original) 579 So.2d at 100. In the instant case, it appears that there were no sworn factual allegations. Neither the Amended Motion for New Trial nor the Motion to Interview Jurors is sworn, and no affidavit is attached thereto or referenced therein. Although a letter allegedly from the foreman of the jury was filed with the trial court, it is not a sworn statement.
This case is like Orange County v. Piper, 585 So.2d 1182 (Fla. 5th DCA 1991), where this court concluded that "[e]ven if true, the sworn factual allegations ... fail to warrant a post verdict jury interview." Id at 1183. This court explained:
The factual matters alleged do nothing more than proffer the opinion of a juror about the reasons the jury arrived at its verdict. There is no allegation that an actual, express agreement was reached by the jurors to disregard their oaths and ignore the law or the court's instructions, or that they considered evidence outside the record. There is no allegation that the verdict was determined by aggregation and average, by lot, game or chance or other artifice or other improper manner.
The matters raised in plaintiff's motions and affidavit merely indicates one juror's frustration over the verdict. Counsel's desire to explore the subjective thoughts, impressions and opinions of the jurors, as to how they arrived at their verdict is not permitted. Such a fishing expedition invades the sanctity of the verdict-forming process itself. For well-established policy reasons, this is not permitted.
Id. Such matters inhere in the verdict and a jury may not be asked about same. Id.; See Roland v. State, 584 So.2d 68 (Fla. 1st DCA 1991).
The writ of certiorari is granted and the order granting a jury interview in this case is quashed.
WRIT GRANTED, ORDER QUASHED.
COWART, HARRIS and PETERSON, JJ., concur.
NOTES
[1] Shere v. State, 579 So.2d 86 (Fla. 1991).
[2] D.O.T. v. Rejrat, 540 So.2d 911, 912 (Fla. 2d DCA 1989).
[3] The court in Maler explained:

Under this standard, the moving party first must establish actual juror misconduct in the juror interview. Once this is done, the party making the motion is entitled to a new trial unless the opposing party can demonstrate that there is no reasonable possibility that the juror misconduct affected the verdict. [State v.] Hamilton, 574 So.2d 124 at 129 (quoting Paz v. United States, 462 F.2d 740, 745 (5th Cir.1972).
579 So.2d at 100, n. 1.