DIAMANTIS, Judge,
dissenting.
I respectfully dissent.
I agree with the majority opinion’s forceful statement that every member of this court (and, I would add, the trial judge) “deplore[s] the crass and intolerant comments attributed to some members of the jury” and that the people who made these comments were “insensitive clods”. However, I would reverse and remand the present case to the trial court to hold a hearing to determine whether the jury verdict was based on racial bias or prejudice which manifested itself after the jury was selected and sworn.[1]
Once the jurors were selected and sworn, those jurors became judges of the facts and any discrimination or bias on their part constituted state action directed to the appellants. See Edmonson v. Leesville Concrete Co., 500 U.S. 614, 618-29, 111 S.Ct. 2077, 2082-87, 114 L.Ed.2d 660, 673-79 (1991). In Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), the court made the following comments regarding racial discrimination in our judicial system:
The Fourteenth Amendment’s mandate that race discrimination be eliminated from all official acts and proceedings of the State is most compelling in the judicial system. Rose v. Mitchell, supra, 443 U.S. [545] at 555, 99 S.Ct. [2993], at 2999-3000 [61 L.Ed.2d 739 (1979) ]. We have held, for example, that prosecutorial discretion cannot be exercised on the basis of race, Wayte v. United States, 470 U.S. 598, 608, 105 S.Ct. 1524, 1531, 84 L.Ed.2d 547 (1985), and that, where racial bias is likely to influence a jury, an inquiry must be made into such bias. Ristaino v. Ross, 424 U.S. 589, 596, 96 S.Ct. 1017, 1021, 47 L.Ed.2d 258 (1976); see also Turner v. Murray, 476 U.S. 28, 106 S.Ct. 1683, 90 L.Ed.2d 27 (1986).
Powers, 499 U.S. at 415-16, 111 S.Ct. at 1373.
Accordingly, I would reverse and remand this case to the trial court for a hearing in which all the jurors are interviewed to determine if the verdict as to liability or damages (or both) was based on racial bias or prejudice, as the trial court did in United States v. Caporale, 806 F.2d 1487, 1504-05 (11th Cir.1986), cert. denied, 483 U.S. 1021, 107 S.Ct. 3265, 97 L.Ed.2d 763 (1987).[2] See also United States v. Heller, 785 F.2d 1524, 1527-28 (11th Cir.1986). At this hearing the trial court should look at such factors as (1) whether the racial comments were aimed at the appellants or any of the appellants’ witnesses; (2) the manner in which these remarks were made; (3) the time and place during the trial that the remarks were made, i.e., were these remarks made during deliberations or during a recess; (4) the context in which these remarks were made; (5) the evidence concerning both liability and damages; and (6) any other factor the trial court determines to be relevant.
The trial court should make findings concerning whether the verdict as to liability or damages was affected by the manifested racial bias or prejudice and should order a new trial on any of those matters if the court, in its discretion, deems necessary. In this regard, I would give the trial court the same discretion which is afforded the trial court in determining whether a peremptory challenge is based on race-neutral reasons. See Files *794 v. State, 613 So.2d 1301, 1303 (Fla.1992); Fotopoulos v. State, 608 So.2d 784, 788 (Fla.1992), cert. denied, — U.S. —, 113 S.Ct. 2377, 124 L.Ed.2d 282 (1993); Mitchell v. State, 622 So.2d 1156, 1157 (Fla. 5th DCA 1993).
DAUKSCH, J., concurs.

. Any racial bias exhibited or racial statements made by any of the jurors before being selected should be inquired into and discovered during voir dire.

. I submit that the cases of Baptist Hospital of Miami v. Maler, 579 So.2d 97 (Fla.1991), and Rabun & Partners, Inc. v. Ashoka Enterprises, 604 So.2d 1284 (Fla. 5th DCA 1992), are not persuasive in the juror racial or ethnic bias situation. Because such bias cases involve state action, the applicable standard is one of "strict scrutiny.”