MICKLE, Judge.
Pierre Fritz Marcelin (Claimant) appeals an order of the judge of compensation claims (JCC) denying his claim. The first alleged ground for relief is that the order facially demonstrates that the JCC materially, and impermissibly, relied on non-record evidence to support findings that questioned Claimant’s credibility and ultimately led to the rejection of his workers’ compensation claim. We agree that certain facts independent of the evidentiary record should not have been considered by the JCC, and that reversal and remand for' a new merits hearing is necessary. See Savih v. Perlmutter, 561 So.2d 309 (Fla. 3d DCA), rev. den., 576 So.2d 290 (Fla.1990) (reversing where jury viewed extraneous exhibits erroneously included in jury room materials); Snook v. Firestone Tire & Rubber Co., 485 So.2d 496, 499 (Fla. 5th DCA 1986); Edelstein v. Roskin, 356 So.2d 38, 39 (Fla. 3d DCA 1978) (while it is not necessary for the fact-finder to have no knowledge other than what is received in the courtroom, jury must not act on independent facts not received into evidence).
Two sections of the JCC’s order are pertinent to this issue because they describe the out-of-court observations:
In reaching my decision, I have reviewed a transcript of the proceedings held on April 28, 1992, together with all of the evidence admitted into evidence. I have also carefully considered the demeanor of the claimant and observed him on many occasions. Mr. Marcelin visited the undersigned’s office on numerous occasions in order to inquire about the status of his case and although the undersigned did not speak with the claimant, I did observe him leaving the building, walking down the hall and walking in the parking lot. The claimant was not aware he was being observed.
Additionally, the JCC acknowledged:
In reaching my decision herein I am relying primarily on my own observations of the claimant and the testimony of Drs. Liehtblau and Magana. I do not find Mr. Mareelin’s testimony to be credible for the following reasons: When Mr. Marcelin knew he was being observed, he walked with an altered gait or limp. When he was unaware that I was observing him walk down the hallway, in the building lobby and in the parking lot, he did not limp or walk with an altered gait. My observations are consistent with the observations of Dr. Liehtblau who testified that Mr. Marcelin limped around the office but did not limp while on the treadmill.
We must conclude that the JCC’s observations of Claimant’s gait and demeanor outside the scope of the proceedings below constitute prejudicial non-record evidence that should not have been considered in assessing Claimant’s credibility and in making a final determination. Baptist Hospital of Miami, Inc. v. Maler, 579 So.2d 97 (Fla.1991). First, the witnessed behavior involves matters beyond the parameters of competent evidence that the trier of fact should have considered in resolving the factual disputes. Sims v. Brown, 574 So.2d 131 (Fla.1991) (assessing competency of evidence according to whether the one who provides the testimony is properly in a position to know). Second, Claimant was denied any opportunity to confront the non-record evidence and to attempt to refute it. Our conclusion is shaped by the public policy underlying the previously cited case law as well as section 90.607(l)(a), Florida Statutes (1989), which provides that (subject to an exception inapplicable here) “the judge presiding at the trial of an action is not competent to testify as a witness in that trial.” Cf. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942) (it is improper, in a criminal case, for a judge to assume the role of a witness). We are unable to find that the challenged observations are merely cumulative to competent substantial evidence supporting the result.
Having disposed of the appeal on the basis of the issue of extra-record evidence, we need not address Claimant’s other issues.
REVERSED and REMANDED for a new hearing.
BOOTH and BENTON, JJ., concur.