GRIFFIN, Judge.
The state appeals an order of the lower court granting a new trial to the defendant, Peter Devoney [“Devoney”], after he was found guilty by a jury of causing serious bodily injury to one victim and the death of another while driving under the influence of alcohol. The lower court granted Devoney’s motion for new trial based on the testimony of one juror that the jury, during its deliberations, disregarded an instruction by the lower court and considered a reference made by the prosecutor during the course of his cross-examination of a defense witness concerning the defendant’s having previously received a speeding ticket.[1] The lower court considered this to be a “breach of the court’s instruction by one or more jurors” which did not “inhere in the verdict” and which required a new trial. We disagree and reverse.
The concept of inherency has long been a feature of Florida law[2] and has been codified in Florida’s evidence code: “Upon an inquiry into the validity of a verdict or indictment, a juror is not competent to testify as to any matter which essentially inheres in the verdict or indictment.” § 90.607(2)(b), Fla. Stat. (1993). This rule forbids any judicial inquiry into the emotions, mental processes or mistaken beliefs of jurors. Powell v. Allstate Ins. Co., 652 So.2d 354, 356 (Fla.1995).
In Marks v. State Road Department, 69 So.2d 771 (Fla.1954),[3] the supreme court explained:
*157 That affidavits of jurors may be received for the purpose of avoiding a verdict, to show any matter occurring during the trial or in the jury room, which does not essentially inhere in the verdict itself, as that a juror was improperly approached by a party, his agent, or attorney; that witnesses or others conversed as to the facts or merits of the cause, out of court and in the presence of jurors; that the verdict was determined by aggregation and average or by lot, or game of chance or other artifice or improper manner; but that such affidavit to avoid the verdict may not be received to show any matter which does essentially inhere in the verdict itself, as that the juror did not assent to the verdict; that he misunderstood the instructions of the Court; the statements of the witnesses or the pleadings in the case; that he was unduly influenced by the statements or otherwise of his fellow-jurors, or mistaken in his calculations or judgment, or other matter resting alone in the juror’s breast.
Id. at 774-7 (quoting Wright v. Illinois & Miss. Tel. Co., 20 Iowa 195, 210 (1866)) (emphasis removed).
Devoney principally relies on two cases for the proposition that the jury’s discussion of a statement which the court instructed them to disregard constitutes an “overt prejudicial act” that would warrant overturning the verdict. The first is Baptist Hospital, Inc. v. Maler, 579 So.2d 97 (Fla.1991), wherein the high court said:
Finally, our opinion in no sense should be construed as condoning any process by which jurors actually enter into an agreement to disregard the law applicable to a case. Any actual, express agreement between two or more jurors to disregard their oaths and instructions constitutes neither subjective impression nor opinion, but an overt act. It thus is subject to judicial inquiry even though that inquiry may not be expanded to ask what impressions or opinions motivated jurors to enter into the agreement in the first instance. *158 This is true, as the court below noted, whether the agreement is to decide the case by aggregation and average, by lot, by game or chance, by any other artifice or improper manner, or by a simple overt agreement to ignore the law and the court’s instructions.
Id. at 100 [citations omitted]. First, there was no evidence below of any agreement among the jurors to disregard their oaths. Further, Devoney’s argument would require making the distinction that reliance by any or all of the jurors on the stricken testimony in arriving at a verdict inheres in the verdict and would not be a basis to overturn the verdict, but the mention of the testimony by one or more jurors constitutes an overt act of misconduct that would require the verdict to be undone. This, with respect, does not seem to be a rational way to distinguish between valid and invalid verdicts.
The second case relied on by Devoney is Powell v. Allstate Insurance Company, 652 So.2d 354. It is true that in the Powell opinion, the court seemed to make a distinction between the silent bigotry of one or more jurors and appeals to racial bias openly made during deliberations. We do not believe, however, that the supreme court intended in Powell to overhaul the traditional analysis of whether a matter inheres in a verdict by reducing the test to a question of speech versus thought. Rather, Powell appears to have established that a juror who spreads sentiments of racial, ethnic, religious or gender bias, fatally infects the deliberation process in a unique and especially opprobrious way and the courts will be vigilant to root it out. Powell identifies a special circumstance where the high court deemed interference necessary in order to “jealously guard our sacred trust to assure equal treatment before the law.” Id. at 358. Also, it is important that such biases are carried like germs from outside the process of the trial to infect the jury’s deliberation, whereas discussion by a jury of one or more matters heard during the course of the trial, even where jurors have been instructed to “disregard” the matter discussed, is a matter internal to and inherent in the process of trial.
Indeed, jurors are reassured in the standard jury instructions that:
For many centuries, our society has relied upon juries for consideration of difficult cases. We have recognized for hundreds of years that a jury’s deliberations, discussions and votes should remain their private affair as long as they wish it. Therefore, the law gives you a unique privilege not to speak about the jury’s work.
Fla.Std. Jury Instr. (Crim.) 3.07.
Consistent with the cases previously cited,[4] which broadly protect the sanctity of the jury deliberation process, we conclude that one or more jurors’ discussion, during the course of jury deliberations, of a matter adduced during the course of trial but which they were instructed to disregard does not constitute an overt act of misconduct that warrants a new trial. See Orange County v. Piper, 585 So.2d 1182 (Fla. 5th DCA 1991); Phares v. Froehlich, 582 So.2d 683 (Fla. 2d DCA 1991); Sims v. State, 444 So.2d 922 (Fla.1983), cert. denied, 467 U.S. 1246, 104 S.Ct. 3525, 82 L.Ed.2d 832 (1984); Branch v. State, 212 So.2d 29 (Fla. 2d DCA 1968).
REVERSED and REMANDED with instructions to reinstate the jury verdict.
PETERSON, C.J., concurs.
W. SHARP, J., dissents, with opinion.

.The juror said all the jurors discussed the speeding ticket and characterized the statements of another juror during deliberations as follows:
He said, well, you know, I could sort of lean toward your thinking except for the fact that, whether you like it or not, I can't forget the fact that he had a prior bad driving record. He was quoted as driving twenty miles an hour over the speed limit. Do you — if you continue to vote not guilty, do you want to turn this man loose knowing that he's got a DUI now and a prior record? Do you want to turn him loose so as to kill somebody else?

. State v. Hamilton, 574 So.2d 124 (Fla.1991). See also Ray Cooke Enters., Inc. v. Parsons, 627 So.2d 1267 (Fla. 4th DCA 1993); Sims v. State, 444 So.2d 922 (Fla. 1983), cert. denied, 467 U.S. 1246, 104 S.Ct. 3525, 82 L.Ed.2d 832 (1984); McAllister Hotel, Inc. v. Porte, 123 So.2d 339 (Fla. 1959); State v. Ramirez, 73 So.2d 218 (Fla. 1954).

. Over the many years since Marks, the appellate courts have consistently refused to invalidate verdicts when the asserted grounds for doing so appeared to inhere in the verdict. See, e.g., Baptist Hospital, Inc. v. Maler, 579 So.2d 97, 100-01 *157 (Fla.1991) (allegation jury verdict prompted by sympathy for brain-damaged plaintiff child); Sims v. State, 444 So.2d 922, 924-25 (Fla.1983) (allegation jury considered the defendant’s failure to testify), cert. denied, 467 U.S. 1246, 104 S.Ct. 3525, 82 L.Ed.2d 832 (1984); McAllister Hotel, Inc. v. Porte, 123 So.2d 339, 344 (Fla. 1959) (allegation jury arrived at verdict by mistake or misconceived the issues); State v. Ramirez, 73 So.2d 218, 219 (Fla.1954) (allegation juror misunderstood significance of guilty vote; thought only majority needed to convict); Ray Cooke Enters., Inc. v. Parsons, 627 So.2d 1267, 1268 (Fla. 4th DCA 1993) (allegation juror misunderstood instructions); Travelers Ins. Co. v. Jackson, 610 So.2d 680, 681 (Fla. 5th DCA 1992) (allegation jury was influenced by derogation mouthed by attorney); Rabun and Partners, Inc. v. Ashoka Enters., Inc., 604 So.2d 1284, 1286 (Fla. 5th DCA 1992) (allegation jury ruled against party because he was rich and did not need money); Orange County v. Piper, 585 So.2d 1182, 1183 (Fla. 5th DCA 1991) (allegation jury considered matters outside record); Phares v. Froehlich, 582 So.2d 683, 685 (Fla. 2d DCA 1991) (allegation jury "blatantly disregarded” court’s multiple instructions not to consider non-record evidence); Department of Transp. v. Rejrat, 540 So.2d 911, 913 (Fla. 2d DCA 1989) (allegation jury misunderstood comparative negligence); Darby v. State, 461 So.2d 984, 984-85 (Fla. 1st DCA 1984) (allegation foreperson improperly influenced other jurors); Powell v. State, 414 So.2d 1095, 1096 (Fla. 5th DCA 1982) (allegation juror pressured by lateness of the hour and intimidated by others not to “hang” jury); Parker v. State, 336 So.2d 426, 426 (Fla. 1st DCA 1976) (allegation juror changed mind after hearing sentence); Branch v. State, 212 So.2d 29, 32 (Fla. 2d DCA 1968) (allegation jury disregarded court's limiting instruction).
On the other hand, appellate courts have also identified the following situations susceptible to inquiry because the alleged matters did not inhere in the juty’s verdict. See, e.g., Powell v. Allstate Ins. Co., 652 So.2d at 357-58 (allegations of racially biased statements made by jurors during proceedings and deliberations); Russ v. State, 95 So.2d 594, 600-01 (Fla.1957) (allegation juror related personal knowledge of material facts to jury); Carcasses v. Julien, 616 So.2d 486, 487 (Fla. 3d DCA 1993) (allegation juror received information from outside courtroom); Sentinel Communications Co. v. Watson, 615 So.2d 768, 772 (Fla. 5th DCA 1993) (allegations jurors read newspapers contrary to court orders and jurors lied about knowledge of incident outside courtroom); International Union of Operating Eng'rs, Local 675 v. Kinder, 573 So.2d 385, 386 (Fla. 4th DCA 1991) (courthouse custodian exhorted jurors to give large award to plaintiff); Bickel v. State Farm Mutual Auto. Ins. Co., 557 So.2d 674, 675 (Fla. 2d DCA 1990) (allegation juror performed independent experiment and related results to panel); Snook v. Firestone Tire & Rubber Co., 485 So.2d 496, 499 (Fla. 5th DCA 1986) (allegation juror conducted own experiment and reported results to other jurors); State v. Blasi, 411 So.2d 1320, 1322 (Fla. 2d DCA 1981) (allegation foreperson signed wrong verdict form).

. See cases cited in note 3, supra.